**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Mayne (SBN 343691)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Fourteenth Amendment, Substantive Due Process (42 U.S.C. § 1983)<br>3. Battery<br>4. Motor Vehicle Negligence<br>5. Negligent Use of Force<br>6. Intentional Infliction of Emotional Distress<br>7. Negligent Infliction of Emotional Distress<br>8. Violation of Bane Act (Cal. Civil Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

1

COMES NOW, Plaintiff D.A., by and through his guardian ad litem EARLINE JOHNSON, individually, for his Complaint against Defendants CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA ("Defendants"), and alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the motor vehicle collision between Plaintiff D.A. and Defendant OFFICER MIRANDA on May 14, 2025.

2. Plaintiff alleges that his injuries are a result of the collision involving Defendants OFFICER MIRANDA and of Defendants' deliberate indifference to his Constitutional rights.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all Defendants reside in this district.

## PARTIES

5. At all relevant times, Plaintiff D.A. is and was an individual residing in the City of Baldwin Park, California. D.A. seeks both compensatory and punitive damages under federal and state law.

6. D.A. is a minor and appears in this action through his mother and

guardian ad litem, EARLINE JOHNSON.

7. At all relevant times, Defendant CITY OF BALDWIN PARK ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Baldwin Park Police Department and its agents and employees. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of OFFICER MIRANDA.

8. Defendant OFFICER JEREMY MIRANDA is a police officer for the CITY. At all relevant times, OFFICER MIRANDA was acting under color of law and within the course and scope of his duties as a police officer for the CITY, and was acting with the complete authority and ratification of his principal, Defendant CITY. On information and belief, OFFICER MIRANDA was a resident of the City of Baldwin Park at all relevant times. OFFICER MIRANDA is sued in his individual capacity.

9. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

10. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11. Plaintiff repeats and realleges each and every allegation in the

3

1  foregoing paragraphs of this Complaint with the same force and effect as if fully set
2  forth herein.
3      12.    On or about May 14, 2025, at or around the intersection of Pacific
4  Avenue and Vineland Avenue, in the city of Baldwin Park, California, OFFICER
5  MIRANDA was on duty as a sworn law enforcement officer with the Baldwin Park
6  Police Department.
7      13.    While on duty as a sworn law enforcement officer with the Baldwin
8  Park Police Department, OFFICER MIRANDA was driving his patrol vehicle.
9      14.    While driving his patrol vehicle, OFFICER MIRANDA made a left
10 turn northbound onto Vineland Avenue, without yielding to D.A. on his left side,
11 throwing him from his bicycle onto the pavement.
12     15.    OFFICER MIRANDA's lights and sirens on his patrol vehicle were
13 not active.
14     16.    Plaintiff sustained significant mental and physical injuries, including a
15 fractured arm and abrasions to his face, chin, stomach, and legs.
16     17.    On or around September 26, 2025, Plaintiff filed comprehensive and
17 timely claims for damages with the City of Baldwin Park pursuant to the applicable
18 sections of the California Government Code. As of this date, Plaintiff has not
19 received a rejection letter.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(Plaintiff against Defendant OFFICER MIRANDA)

23     18.    Plaintiff repeats and realleges each and every allegation in the
24 foregoing paragraphs of this Complaint with the same force and effect as if fully set
25 forth herein.
26     19.    When OFFICER MIRANDA intentionally struck Plaintiff with his
27 patrol vehicle, he used excessive and unreasonable force which deprived Plaintiff
28 of his right to be secure in his person against unreasonable searches and seizures as

guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

20. OFFICER MIRANDA intentionally striking Plaintiff with his patrol vehicle was an excessive and unreasonable use of force under the circumstances. OFFICER MIRANDA's actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

21. As a result of Defendant OFFICER MIRANDA's unreasonable use of force, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

22. The conduct of OFFICER MIRANDA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to OFFICER MIRANDA.

23. Plaintiff also seeks costs and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)**

(Plaintiff against Defendants OFFICER MIRANDA)

24. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25. OFFICER MIRANDA, acting under color of state law, deprived Plaintiff of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

26. Upon information and belief, Defendant OFFICER MIRANDA had time to deliberate and this was not a split second decision made in the heat of the moment.

27. OFFICER MIRANDA was deliberately indifferent to the harm that

would be caused to Plaintiff.

28. OFFICER MIRANDA acted with a purpose to harm Plaintiff because he turned into an occupied crosswalk despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need.

29. Defendant OFFICER MIRANDA's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights

30. As a result of Defendant OFFICER MIRANDA's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

31. The conduct of OFFICER MIRANDA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to OFFICER MIRANDA.

32. Plaintiff also seeks costs and attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against all Defendants)

33. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

34. Defendant OFFICER MIRANDA, while working as a police officer for the CITY and acting within the course and scope of his duties, intentionally struck Plaintiff with his patrol vehicle. OFFICER MIRANDA had no legal justification for using force against Plaintiff and said use of force while carrying out his official duties was unreasonable. As a result of the actions of OFFICER MIRANDA, Plaintiff suffered severe mental and physical pain and suffering.

6

35. CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

36. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

37. The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## FOURTHCLAIM FOR RELIEF

### Motor Vehicle Negligence

(Plaintiff against all Defendants)

38. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39. The actions and inactions of OFFICER MIRANDA was negligent, including but not limited to:

   a. OFFICER MIRANDA's negligent operation of the patrol vehicle, including negligently striking Plaintiff with the patrol vehicle;

   b. CITY's failure to properly and adequately train CITY police officers, including OFFICER MIRANDA, including with regard to the proper operation of a patrol vehicle;

   c. The failure to properly train and supervise employees, including OFFICER MIRANDA.

40. As a direct and proximate result of OFFICER MIRANDA's conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered

mental and physical pain and suffering.

41. CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

42. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

## FIFTH CLAIM FOR RELIEF

### Negligent Use of Force

(Plaintiff against all Defendants)

43. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44. OFFICER MIRANDA owed Plaintiff a duty to use reasonable force in the course of his law enforcement duties.

45. OFFICER MIRANDA breached that duty by using unreasonable force against Plaintiff, including by operating his patrol vehicle in a manner that caused it to strike Plaintiff. Even if OFFICER MIRANDA's conduct is construed as a use of force rather than intentional conduct, his decision to maneuver his vehicle in a manner that struck Plaintiff was unreasonable under the circumstances and constituted a negligent use of force.

46. A reasonable officer in OFFICER MIRANDA's position would not have operated his vehicle in a manner that posed an unreasonable risk of serious injury or death to Plaintiff, who was a bicyclist and did not pose a threat to OFFICER MIRANDA or others.

47. OFFICER MIRANDA's negligent use of force was a substantial factor in causing Plaintiff's physical and emotional injuries.

8

48. CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

49. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(Plaintiff against Defendant OFFICER MIRANDA)

50. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. OFFICER MIRANDA's conduct was intended to cause Plaintiff to suffer severe emotional distress.

52. OFFICER MIRANDA's conduct was outrageous towards Plaintiff.

53. OFFICER MIRANDA intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

54. Plaintiff suffered severe emotional distress as a direct and proximate result.

55. Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

56. Accordingly, OFFICER MIRANDA is liable to Plaintiff for compensatory damages.

57. The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

(Plaintiff against all Defendants)

58. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. OFFICER MIRANDA owed Plaintiff a duty of care to avoid negligently causing him emotional distress.

60. OFFICER MIRANDA breached that duty by engaging in negligent operation of his patrol vehicle.

61. Plaintiff was present at the scene when the dangerous conduct occurred and was aware that it was causing injury to him.

62. As a result of OFFICER MIRANDA's negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of OFFICER MIRANDA's conduct

63. Plaintiff's emotional distress has resulted in physical symptoms, including but not limited to, anxiety, depression, sleeplessness, and physical pain.

64. OFFICER MIRANDA's negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

65. As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering.

66. Defendant CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

67. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

# EIGHTH CLAIM FOR RELIEF

## Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against all Defendants)

68. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

70. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

71. The Bane Act, the California Constitution and California common law prohibit unlawful detention and arrest and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action and permits survival actions for such claims.

72. OFFICER MIRANDA violated Plaintiff's constitutional, statutory, and common law rights by unlawfully detaining him and using excessive force, where his acts were done intentionally and with a reckless disregard for Plaintiff's rights and for his life.

73. Defendant OFFICER MIRANDA operation of the vehicle was unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendant OFFICER MIRANDA was a substantial factor in causing the harm,

injuries, and damages to Plaintiff.

74. Defendant OFFICER MIRANDA intentionally violated Plaintiff's constitutional rights by using excessive force against him, including but not limited to striking him with a patrol vehicle. Further, these intentional acts by OFFICER MIRANDA show that he acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating his intent to violate those rights.

75. At the time OFFICER MIRANDA intentionally struck Plaintiff, Plaintiff was not committing a crime or resisting arrest, and did not pose a threat of death or serious bodily injury and Plaintiff had not verbally threatened anyone in the leadup to the collision. There is direct and circumstantial evidence that OFFICER MIRANDA intentionally violated Plaintiff's rights by intentionally striking him with the patrol vehicle.

76. Defendants OFFICER MIRANDA, while working as a police officer for the CITY, and acting within the course and scope of his duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

77. Plaintiff was caused to suffer extreme mental and physical pain and suffering.

78. The conduct of OFFICER MIRANDA was a substantial factor in causing the harm, injuries and damages of Plaintiff.

79. Defendant CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80. As a result of their violation of Plaintiff's rights, Defendants are liable

to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

81. The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

82. Plaintiff also seeks costs and attorney fees under this claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff D.A., by and through his guardian ad litem EARLINE JOHNSON, requests entry of judgment in his favor and against Defendants CITY OF BALDWIN PARK and OFFICER MIRANDA, as follows:

A. For compensatory damages in the amount to be proven at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G. Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H. For interest;

I. For reasonable costs of this suit; and

J. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: March 09, 2026         **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Mayne*
         Dale K. Galipo
         Cooper Mayne
         *Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.

Dated: March 09, 2026         **LAW OFFICES OF DALE K. GALIPO**

By:  /s/   *Cooper Mayne*
     Dale K. Galipo
     Cooper Mayne
     *Attorneys for Plaintiff*