JONES MAYER
Gary S. Kranker, Esq., SBN: 146426
gsk@jones-mayer.com
Melissa M. Ballard, Esq., SBN: 185739
mmb@jones-mayer.com
Ryan M. Allein, Esq., SBN: 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorney for Defendants,
CITY OF BALDWIN PARK; OFFICER JEREMY MIRANDA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,<br><br>Defendants. | Case No. 2:26-cv-02489<br><br>*Assigned for All Purposes to:*<br>*Honorable Hernan D. Vera*<br><br>**DEFENDANTS' MOTION TO DISMISS COUNTS ONE, TWO, SIX, AND EIGHT, AS ALLEGED IN PLAINTIFF'S COMPLAINT, PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Melissa M. Ballard; [Proposed] Order]*<br><br>Hearing<br>Date:  May 28, 2026<br>Time:  10:00 a.m.<br>Dept:  5B<br><br>Complaint Filed: March 9, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 28, 2026, at 10:00 a.m., in Courtroom 5B of the above-entitled court, located at 350 W. 1st Street, Suite 4311, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Defendant CITY OF



1

BALDWIN PARK and Defendant OFFICER JEREMY MIRANDA (hereinafter referred collectively as "Defendants"), will and hereby move for a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6),[1] on Plaintiff D.A., by and through his guardian ad litem, EARLINE JOHNSON, for a failure to state a claim upon which relief can be granted for the following reasons:

1.    Plaintiff's 42 U.S.C. § 1983 allegations fail to state a claim (counts one and two);

2.    Plaintiff's allegation regarding an intentional infliction of emotional distress fails to state a claim (count six);

3.    Plaintiff's allegation regarding a violation of the Bane Act (Cal. Civ. Code § 52.1) fails to state a claim (count eight).

The Motion is based on this Notice of Motion and Motion and attached Memorandum of Points and Authorities, supporting declarations and matters judicially noticed, the file and records in this case, and any further argument or evidence the Court dees fit to receive at the hearing.

Prior to bringing this motion, Defendants met and conferred regarding the issues presented herein as required by Local Rule 7-3.  See Declaration of Melissa M. Ballard.

Respectfully submitted.

Dated:  April 14, 2026                                JONES MAYER

By _____
Gary S. Kranker, Esq.
Melissa M. Ballard, Esq.
Ryan M. Allein, Esq.
Attorneys for Defendants CITY OF
BALDWIN PARK and OFFICER
JEREMY MIRANDA

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.



**TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS......................................................................................2

III.    LEGAL STANDARD .............................................................................................3

IV.     PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT HIS SECTION 1983 CLAIMS (COUNTS ONE & TWO) ...........................................4
    A.      Applicable Law ...........................................................................................4
    B.      Analysis .......................................................................................................5

V.      PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT SIX) ........................................8

VI.     PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR A VIOLATION OF THE BANE ACT (CAL. CIV. CODE § 52.1).................................................................9

VII.    LEAVE TO AMEND SHOULD BE DENIED.................................................................10

VIII.   CONCLUSION .....................................................................................................11



## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 3

*Brittain v. Hansen*,
    451 F.3d 982 (9th Cir. 2006) .................................................................................. 7

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1996) .................................................................................... 3

*Carrasquillo v. City of New York*,
    324 F.Supp.2d 428 (S.D.N.Y. 2004) .................................................................. 5, 6

*Cheriee Gazette v. City of Pontiac*,
    41 F.3d 1061 (6th Cir. 1994) .................................................................................. 4

*Cnty. of Sacramento v. Lewis*,
    523 U.S. 833 (1998) ................................................................................................ 7

*Cochran v. Cochran*,
    65 Cal.App.4th 488 (1998) ..................................................................................... 8

*Daniels v. Williams*,
    474 U.S. 327 (1986) ............................................................................................ 1, 5

*Davidson v. Cannon*,
    474 U.S. 344 (1986) ............................................................................................ 1, 5

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .............................................................................. 10

*Flores v. Taghizadeh*,
    2023 U.S.App.LEXIS 25985 (9th Cir. 2023) ......................................................... 7

*Gaetz v. City of Riverside*,
    722 F.Supp.3d 1054 (C.D. Cal. March 22, 2024) .................................................. 3

*Hill v. Shobe*,
    93 F.3d 418 (7th Cir. 1996) .................................................................................... 6

*Hughes v. Pair*,
    46 Cal.4th 1035 (2009) ........................................................................................... 8



*James v. Pelayo*,
    2026 U.S. Dist. LEXIS 45723 (E.D. Cal. Mar. 5, 2026) .................................................2, 6, 7

*Ketchum v. Alameda Cnty.*,
    811 F.2d 1243 (9th Cir. 1987) ......................................................................................4

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) (en banc) .....................................................................4

*McComb v. Cal. Dep't of Corr. & Rehab.*,
    2026 U.S. Dist. LEXIS 51656 (N.D. Cal. Mar. 12, 2026) ...........................................4

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ....................................................................................3, 4

*Parratt v. Taylor*,
    451 U.S. 527 (1981) (overruled on other grounds in *Daniels*, 474 U.S. at 328)................... 1, 5

*Shoar v. Cnty. of Santa Clara*,
    2022 U.S. Dist. LEXIS 189548 (N.D. Cal. Oct. 17, 2022) ..........................................9

*Shoyoye v. Cnty. of Los Angeles*,
    203 Cal.App.4th 947 (2012) ....................................................................................9, 10

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ..................................................................................4, 6

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004) ...............................................................................10, 11

*West v. Atkins*,
    487 U.S. 42 (1988) ........................................................................................................4

*Wilder v. Va. Hosp. Ass'n*,
    496 U.S. 498 (1990) ......................................................................................................4

**Statutes**

42 U.S.C. § 1983 .................................................................................................*passim*

Bane Act ........................................................................................................2, 9, 10

Bane Act (Cal. Civ. Code § 52.1).................................................................. 1, 2, 9, 10

Cal. Civ. Code § 52.1(b)..........................................................................................9

California's Bane Act ...............................................................................................9

Shoyoye on the Bane Act .......................................................................................10

JONES MAYER
LAW

**Other Authorities**

Fourth Amendment.................................................................................................2, 5

Fourteenth Amendment .....................................................................................2, 5, 7

Rule 8.....................................................................................................................3

Rule 12(b)(6) ...........................................................................................................3

Rule 15(a) ..............................................................................................................10

Rule 15(a)(2) ..........................................................................................................10



## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is not a civil rights matter.  This case arises out of a traffic accident that just so happen to include a peace officer.  Plaintiff's attempt to morph a traffic accident predicated on a negligence theory into a civil rights and intentional tort lawsuit is not supported by the law or the bare and conclusory allegations of the Complaint.  As the Supreme Court made clear, mere negligence or lack of due care by state officials does not trigger the protections of the Constitution and therefore does not state a claim under § 1983.  *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *see also Daniels v. Williams*, 474 U.S. 327, 330-32 (1986).  To find otherwise would allow "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983."  *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (overruled on other grounds in *Daniels*, 474 U.S. at 328).

Plaintiff alleges that Officer Jeremy Miranda ("Officer Miranda") was driving his patrol vehicle when he turned left at the intersection of Pacific Avenue and Vineland Avenue, in the City of Baldwin Park ("City"), and collided with Plaintiff D.A. ("Plaintiff") – who was riding his bicycle across the street.  As a result of this incident, Plaintiff filed a Complaint involving numerous causes of action, including federal claims under 42 U.S.C. § 1983 and state law claims for an intentional infliction of emotional distress ("IIED") and a violation of the Bane Act (Cal. Civ. Code § 52.1).

Although the Complaint alleges in a conclusory manner that Officer Miranda intentionally struck Plaintiff, there are no facts alleged to establish that Officer Miranda acted with any requisite intent to violate D.A.'s Constitution rights or a federal statutory right.  Rather, the facts establish that "Officer Miranda made a left turn northbound onto Vineland Avenue, without yielding to D.A. on his left side, throwing him from his bicycle onto the pavement."  Dkt. 1, Compl. at ¶14.  As discussed in detail below, this alleged conduct "sounds in negligence – not deliberate indifference[,]" which is insufficient to support a § 1983 claim, along with claims for IIED and a violation of the



Bane Act. *James v. Pelayo*, 2026 U.S. Dist. LEXIS 45723, at *15 (E.D. Cal. Mar. 5, 2026).

Because the Complaint alleges a standard motor vehicle accident where there is no indication that Officer Miranda acted with any level of intent, any potential amendment by Plaintiff as it relates to counts one, two, six, and eight would be futile. Accordingly, Plaintiff's *potential* request for leave to amend should be denied and counts one, two, six, and eight should be dismissed with prejudice.

## II.    <u>STATEMENT OF FACTS</u>

The Complaint's statement of facts is a short seven (7) paragraphs, as expected of a standard motor vehicle accident complaint. Compl. at ¶11-17. It is alleged that on May 14, 2025, at or around the intersection of Pacific Avenue and Vineland Avenue in the City of Baldwin Park, Officer Miranda was on duty as a sworn law enforcement officer with the Baldwin Park Police Department and that he was driving his patrol vehicle. Compl. at ¶12-13. It is then alleged that while driving his patrol vehicle, he made a left turn northbound onto Vineland Avenue without yielding to Plaintiff on his left side, throwing him from his bicycle onto the pavement. Compl. at ¶14. It is also alleged that Officer Miranda's lights and sirens were not active. Comp. at ¶15. It is then alleged that Plaintiff sustained significant mental and physical injuries. Compl. at ¶16. It is then alleged that Plaintiff submitted a claim for damages to the City. Comp. at ¶17.

On or about March 9, 2026, Plaintiff filed a civil complaint with this Court alleging two federal causes of action under 42 U.S.C. § 1983: excessive force in violation of the Fourth Amendment (count one) and a violation of substantive due process in violation of the Fourteenth Amendment (count two). Compl. at ¶18-32. Further, Plaintiff alleges the following state law causes of action: battery (count three); motor vehicle negligence (count four); negligent use of force (count five); intentional infliction of emotional distress (count six); negligent infliction of emotional distress (count seven); and a violation of the Bane Act (Cal. Civ. Code § 52.1). *Id*. at ¶ 33-82.



There are absolutely no facts alleged which provide any support that Plaintiff's Constitutional rights or federal statutory rights were violated.  There are also no facts alleged to support claims of intentional conduct by Officer Miranda.

### III.    LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  It is well settled that a plaintiff is required to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow" the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[w]hile the plausibility requirement is not a probability assessment, it demands more than 'a sheer possibility that a defendant has acted unlawfully.'" *Gaetz v. City of Riverside*, 722 F.Supp.3d 1054, 1063 (C.D. Cal. March 22, 2024) (citing to *Iqbal,* 556 U.S. at 678).  Moreover, the pleading standard under Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 US at 679.

While on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party[,]" *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), "**[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.**" *Iqbal,* 556 U.S. at 678 (emphasis added).  **Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'"** *Iqbal,* 556 U.S. at 678-80 (quoting *Twombly*, 550 U.S. at 555) (emphasis added).

- 3 -


JONES MAYER
LAW

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  *Id*. at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable theory."  *Navarro*, 250 F.3d at 732 (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)).

When a court determines that a complaint fails to state a claim, it has discretion to dismiss with or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  As set forth below, no non-conclusory facts can be alleged to save these claims, thus a dismissal without leave is proper.

## IV.    PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT HIS SECTION 1983 CLAIMS (COUNTS ONE & TWO)

### A.    Applicable Law

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, the plaintiff must allege two essential elements: (1) that the right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).  Importantly, "claims of negligence, [and] gross negligence . . . are not actionable under section 1983." *McComb v. Cal. Dep't of Corr. & Rehab.*, 2026 U.S. Dist. LEXIS 51656, at *3 (N.D. Cal. Mar. 12, 2026); *see also Cheriee Gazette v. City*

- 4 -

*of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("[G]ross negligence is not the type of government action needed to support a Section 1981 claim. 'Gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense" ' "). As the Supreme Court made clear, mere negligence or lack of due care by state officials does not trigger the protections of the Constitution and therefore does not state a claim under § 1983. *See Davidson*, 474 U.S. at 347; *see also Daniels*, 474 U.S. at 330-32. To find otherwise would allow "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." *Parratt*, 451 U.S. at 544.

**B.    Analysis**

Plaintiff's claims for excessive force under the Fourth Amendment and a violation of substantive due process under the Fourteenth Amendment based on a motor vehicle accident are inactionable under § 1983. The Southern District of New York's decision in *Carrasquillo v. City of New York*, 324 F.Supp.2d 428 (S.D.N.Y. 2004) is instructive. In *Carrasquillo*, a prisoner filed a § 1983 complaint against the city for injuries sustained during a bus accident were dismissed based on the following reasoning:

> "First, Plaintiff alleges that the bus driver, unserved Defendant John Doe, by causing Plaintiff's injuries, violated Plaintiff's Eighth Amendment rights. But neither the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees. Such claims fall under the purview of state tort law, not § 1983. The Supreme Court held in [*Daniels*, 474 U.S. 327] where an inmate sued a police officer under § 1983 for negligently inflicting injuries, that the Due Process clause would be 'trivialized' if it were extended to cover injuries caused by the negligent action of state officials. *Id*. at 322. Section 1983 claims are therefore 'not to be used to duplicate state tort law at the federal level.' [Citation.]

> Plaintiff alleges that Defendant Doe was reckless, not merely negligent, when he drove at an excessive speed in icy road conditions. But this adds nothing of legal significance to Plaintiff's claim. The Seventh Circuit held in *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996), that 'allegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness' (citing *Apodaca v. Rio Arriba Cty. Sherrif's Dep't*, 905 F.2d 1445, 1446-47 (10th Cir. 1990).) Furthermore, deaths and injuries resulting from a state employee's lack of due care do not implicate the Constitution. *Id*. (citing *Davidson* [, 474 U.S. at 347])."

- 5 -



*Carrasquillo*, 324 F.Supp.2d at 436.

Further, in *James*, 2026 U.S. Dist. LEXIS 45723, at *15, the plaintiff claimed he "allege[d] more than a routine 'car accident' . . . [because] Defendant made a conscious driving decision that created an immediate, obvious, and extreme risk of catastrophic harm: she intentionally pulled a prison transport van into the oncoming lane of a two-lane highway, accelerated well above the speed limit in attempt to pass a tractor-trailer, and did so while another vehicle was approaching from the opposite direction and without ensuring sufficient time or distance to complete the pass safely." *Id*. at *9-10. Notwithstanding these allegations, the Court concluded that "the complaint fails to state a cognizable constitutional violation to withstand dismissal [because] [a]lthough Plaintiffs attempt to couch this case as one of constitutional dimension, the allegations in the complaint do not plausibly support such an inference." *Id*. at *12. Specifically, the Court found that "although Defendant increased her speed in attempt to overtake the tractor-trailer, there are no additional allegations to support an inference that she drove in a reckless manner with knowledge of a specific danger to Plaintiff [and] [i]n fact, Defendant swerved the subject van back into the northbound lane to avoid a head-on collision with the southbound vehicle impacting the front left region [and] [s]uch allegations amount to nothing more than negligence." *Id*. at *16-17, citing to *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) (motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it).

Similar to both *Carrasquillo* and *James*, the Complaint here "simply recite[s] the elements of [the] cause[s] of action" and fails to state a cognizable claim under § 1983. *Starr*, 652 F.3d at 1216. As to count one (excessive force claim), the Complaint conclusory alleges that "Officer Miranda intentionally str[uck] Plaintiff with his patrol vehicle" and that his conduct "was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff[.]" Compl. at ¶ 20, 22 (capitalization

- 6 -



omitted).  However, in the facts common to all claims, all that is alleged is that "[w]hile driving his patrol vehicle, Officer Miranda made a left turn northbound onto Vineland Avenue, without yielding to D.A. on his left side, throwing him from his bicycle onto the pavement."  *Id.* at ¶14 (capitalization omitted).  This alleged conduct does not establish "deliberate indifference," but rather simple negligence.  "[T]he facts alleged demonstrate [Officer Miranda] was within [his] legal rights as []he attempted" to turn left onto Vineland "and misjudged the time and distance necessary to complete" the turn. *James*, 2026 U.S. Dist. LEXIS 45723, at \*14-15.  Overall, "[t]he error in believing that [Officer Miranda] could safely" turn left onto Vineland "sounds in negligence-not deliberate indifference."  *Id.* at \*15.  Accordingly, the Complaint fails to allege a plausible claim as to count one.

Further, as to count two (substantive due process), the Complaint conclusory alleges that "Officer Miranda's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights" and that his conduct "was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff[.]"  *Id.* at ¶ 29, 31.  "Substantive due process protects individuals from arbitrary deprivation of their liberty by [the] government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).  "[T]o establish a constitutional violation based on substantive due process, [a plaintiff] must show both deprivation of her liberty and conscience-shocking behavior by the government."  *Id*.  As the Supreme Court explained, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense" on due process grounds and even negligently inflicted conduct fails to satisfy this high threshold; only conduct "so egregious, so outrageous that it may fairly be said to shock the contemporary conscience" may suffice. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998).  As discussed above, Officer Miranda's alleged conduct "sounds in negligence-not deliberate indifference," *James*, 2026 U.S. Dist. LEXIS 45723, at \*15, and "evidence of even gross negligence is insufficient to support a Fourteenth Amendment claim." *Flores v. Taghizadeh*, 2023 U.S.App.LEXIS 25985,

- 7 -



JONES MAYER
LAW

at *3 (9th Cir. 2023).  Accordingly, the Complaint fails to allege a plausible claim as to count two as well.

## V.   PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT SIX)

Further, the Complaint conclusory alleges that Officer Miranda's alleged conduct "was intended to cause Plaintiff to suffer severe emotional distress" and that his conduct "was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff[.]" Compl. at ¶51, 57.  "A cause of action for intentional infliction of emotional distress exists when there is ' " ' "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." ' " ' " *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009) (superseded by statute on unrelated grounds).  "A defendant's conduct is 'outrageous' when it is so ' " 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' " ' " *Id*. at 1050-51.  "And the defendant's conduct must be ' " 'intended to inflict injury or engaged in with the realization that injury will result.' " ' " *Id*. at 1051.

Here, Officer Miranda's alleged conduct does not rise to " ' " ' "extreme and outrageous conduct" ' " ' " necessary to support an intentional infliction of emotional distress claim.  Specifically, "[i]n evaluating whether [a] defendant's conduct was outrageous, it is 'not . . . enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Cochran v. Cochran*, 65 Cal.App.4th 488, 496 (1998).  Again, as discussed above, all that is alleged is that Officer Miranda made a left turn, failed to yield, and struck Plaintiff while on his

- 8 -



bicycle.  Simply put, this alleged conduct does not rise to the level of *extreme* and *outrageous* conduct necessary to support count six.  Accordingly, count six should be dismissed in its entirety.

## VI.    PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR A VIOLATION OF THE BANE ACT (CAL. CIV. CODE § 52.1)

Lastly, in support of their Bane Act claim, the Complaint alleges in a conclusory and bare bones manner that Officer Miranda "us[ed] excessive force against him, including but not limited to striking him with a patrol vehicle [and] these intentional acts by Officer Miranda show that he acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating his intent to violate those rights."  Compl. at ¶ 74 (capitalization omitted).  California's Bane Act protects against interference "by threat, intimidation, or coercion" or an attempt to do the same "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States . . ."  Cal. Civ. Code § 52.1(b).  "To state a claim for relief under the Bane Act, a plaintiff must allege (1) interference or attempted inference by threat, intimidation, or coercion with an individual's rights and (2) that the interference or attempted interference was intentional."  *Shoar v. Cnty. of Santa Clara*, 2022 U.S. Dist. LEXIS 189548, at *7 (N.D. Cal. Oct. 17, 2022) (citing to *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015)).

"A plaintiff can satisfy the specific intent requirement of the Bane Act by showing defendant acted with reckless disregard of the right at issue."  *Shoar*, 2022 U.S. Dist. LEXIS 189548, at *10 (citing to *Cornell v. City & Cnty. of San Francisco*, 17 Cal.App.5th 766, 798-802 (2017)).  "[H]owever, as some courts interpret it . . . the threat or coercion cannot be a result of *mere human error or negligence*, but instead requires intentional conduct."  *Shoar*, 2022 U.S. Dist. LEXIS 189548, at *8 (citing to *Shoyoye v. Cnty. of Los Angeles*, 203 Cal.App.4th 947, 959 (2012) (emphasis added)).

For example, in *Shoyoye*, the plaintiff was arrested on outstanding bench warrants for two minor offenses, but upon a subsequent court appearance he was ordered

- 9 -


JONES MAYER
LAW

released. *Shoyoye*, 203 Cal.App.4th at 950-51. Due to a computer error, however, he remained in Los Angeles County jail on a parole violation hold order meant for someone else. *Id*. at 951-53. Reversing a plaintiff's jury verdict for Shoyoye on the Bane Act claim while affirming on the false imprisonment claim, the *Shoyoye* court set forth its analysis of Section 52.1 in two steps, first concluding that, "[t]he statutory framework of section 52.1 indicates that the Legislature meant the statute to address interference with constitutional rights involving more egregious conduct than mere negligence." *Id*. at 958-59.

Similarly here, Officer Miranda's alleged negligence or error associated with the motor vehicle accident is not sufficient to support a Bane Act claim. There is nothing alleged in the Complaint to establish that Officer Miranda's conduct involved "interference with constitutional rights . . . more egregious . . . than mere negligence." *Id*. Accordingly, count eight should also be dismissed.

## VII.   <u>LEAVE TO AMEND SHOULD BE DENIED</u>

Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Rule 15(a)(2). Although "[t]his policy is to be applied with extreme liberality" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), leave to amend may be denied where the complaint "could not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

Here, any potential amendment by Plaintiff as it relates to counts one, two, six, and eight would be futile. The Complaint alleges a standard motor vehicle accident where there is no indication that Officer Miranda acted with any level of intent. Rather, the facts demonstrate that Plaintiff's alleged injuries were the product of human error and negligence – nothing more. Therefore, as it relates to counts one, two, six, and eight, no amendment could cure this deficiency. Accordingly, any request for leave to amend should be denied.



## VIII. <u>CONCLUSION</u>

Based on the foregoing, Defendant CITY OF BALDWIN PARK and Defendant OFFICER JEREMY MIRANDA request this Court grant their Motion to Dismiss Counts One, Two, Six, and Eight, as alleged in the Complaint, without leave to amend and with prejudice. *See Thinket Ink Info. Res., Inc.*, 368 F.3d at 1061.

Respectfully submitted,

Dated:  April 14, 2026

JONES MAYER

By _____

Gary S. Kranker, Esq.
Melissa M. Ballard, Esq.
Ryan M. Allein, Esq.
Attorneys for Defendants CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA

- 11 -

JONES MAYER
LAW