**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,<br><br>Defendants. | Case No.: 2:26-cv-02489-HDV-AJR<br>Honorable Hernan D. Vera<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS PURSUANT TO F.R.C.P. RULE 12(B)(6)**<br><br>Date:   May 28, 2026<br>Time:   10:00 a.m.<br>Crtrm: 5B |



1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On May 14, 2025, Officer Jeremy Miranda, on duty in a patrol vehicle with no emergency lights or sirens activated, intentionally drove into Plaintiff D.A., a minor who was lawfully crossing the street on his bicycle. (Compl. ¶¶ 14, 15, 19, 28.) D.A. was thrown from his bicycle to the pavement and sustained a fractured arm and abrasions to his face, chin, stomach, and legs. (Compl. ¶¶ 14, 16.) The Complaint alleges that Officer Miranda had time to deliberate, that he turned into an occupied crosswalk knowing it would risk severe injury or death, and that he did so without any pressing law-enforcement need. (Compl. ¶¶ 26, 28.)

Defendants move to dismiss Counts One (Fourth Amendment excessive force), Two (Fourteenth Amendment substantive due process), Six (intentional infliction of emotional distress), and Eight (Bane Act), arguing that the Complaint pleads only negligence. That argument requires the Court to disregard the Complaint's express allegations of intentional conduct and to accept Defendants' contrary factual narrative, which Rule 12(b)(6) does not permit. Plaintiff respectfully requests that the motion be denied as to Counts One, Two, and Eight. Plaintiff voluntarily dismisses Count Six, rendering the motion moot as to that count.[1]

### II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8, which "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 requires the plaintiff to make only (1) a short and plain statement of the court's jurisdiction, (2) a short and plain statement of the

---

[1] On the morning of May 7, 2026, Plaintiff sent defense counsel a draft joint stipulation to dismiss Count Six. Defense counsel has not responded yet, however, Plaintiff anticipates all parties will agree to the dismissal.

2

claim showing that the plaintiff is entitled to relief, and (3) a demand for judgment and relief. *Davis v. Passman*, 442 U.S. 228 (1979); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Under federal notice pleading, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. In deciding whether a pleading states a plausible claim for relief, the court considers the complaint's factual allegations, "together with all reasonable inferences" from those allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3rd Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Further, under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs, and allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008). In reviewing a dismissal for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6), the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the appellant. *N. Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983). In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court explained that dismissal for failure to state a claim should only be granted under narrow circumstances, and complaints should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove any facts supporting her claim entitling her to relief. *Conley*, 355 U.S. at 45-46.

Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). There is no heightened pleading requirement for civil rights cases, and the United States Supreme Court has repeatedly rejected attempts by the Courts of Appeals to impose heightened pleading requirements in civil rights cases. *Id*; *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993). To assert a claim under 42 U.S.C. § 1983, a plaintiff has an obligation to put the defendants and the court on notice of what claims are raised in his or her complaint by properly alleging that she has been deprived a federal statutory or constitutional right by a person acting under color of state or local law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

## III.    STATEMENT OF FACTS

On May 14, 2025, at the intersection of Pacific Avenue and Vineland Avenue in the City of Baldwin Park, Plaintiff D.A., a 10-year-old boy, was riding his bicycle when he was struck by a patrol vehicle operated by Defendant Officer Jeremy Miranda. (Compl. ¶ 12.) Officer Miranda was on duty as a sworn officer of the Baldwin Park Police Department. (Compl. ¶¶ 12–13.) Officer Miranda made a left turn northbound onto Vineland Avenue and drove his patrol vehicle into D.A., throwing him from his bicycle onto the pavement. (Compl. ¶¶ 14, 19.) Officer Miranda's emergency lights and sirens were not activated at the time of the collision. (Compl. ¶ 15.) D.A. sustained significant injuries, including a fractured arm and abrasions to his face, chin, stomach, and legs. (Compl. ¶ 16.)

In the Complaint, Plaintiff specifically alleges that Officer Miranda intentionally struck D.A. with his patrol vehicle. (Compl. ¶¶ 19, 20.) He further alleges that Officer Miranda had time to deliberate and that the collision was not the product of a split-second decision. (Compl. ¶ 26.) Officer Miranda turned into an occupied crosswalk despite knowing it would risk severe injury or death to D.A. and other bystanders. (Compl. ¶ 28.) Officer Miranda's conduct was willful,

wanton, malicious, and undertaken with reckless disregard for D.A.'s rights and safety. (Compl. ¶¶ 22, 31.)

## IV.   ARGUMENT

### A.   Plaintiff Has Sufficiently Pled His Fourth Amendment Excessive Force Claim (Count One)

Defendants' entire argument rests on recharacterizing this case as a standard motor vehicle accident sounding in negligence. (MTD at 2.) But the Complaint says otherwise. The Complaint expressly alleges that "Officer Miranda intentionally struck Plaintiff with his patrol vehicle." (Compl. ¶ 19; see also ¶¶ 20, 28, 74, 75.) Defendants' insistence on a contrary factual narrative that Officer Miranda merely "misjudged the time and distance" of a left turn (MTD at 7) is not a basis for Rule 12(b)(6) dismissal; it is a factual dispute that should be addressed on a motion for summary judgment or at trial.

Defendants do not contend the Complaint fails to allege intent; they contend the intent allegations are conclusory under *Iqbal*. They are not. The Complaint pleads specific facts from which intent can be plausibly inferred: Officer Miranda turned into an occupied crosswalk (Compl. ¶ 28), with a bicyclist on his left (Compl. ¶ 14, 28), without lights or sirens (Compl. ¶ 15), without any pressing law-enforcement need (Compl. ¶ 28), and with time to deliberate rather than as a split-second reaction (Compl. ¶ 26). These factual allegations are more than enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Whether a different inference, the negligence inference Defendants prefer, is also available is irrelevant at this stage because on a motion to dismiss, all reasonable inferences must be taken in Plaintiff's favor.

Taking Plaintiff's allegations as true, Plaintiff states an obvious Fourth Amendment violation. A person is seized when an officer terminates or restrains his freedom of movement using physical force, "through means intentionally

applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citing *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968), and *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989)). The dispositive question is whether the plaintiff was "stopped by the very instrumentality set in motion or put in place in order to achieve that result." *Brower*, 489 U.S. at 599. That is precisely what the Complaint alleges: Officer Miranda intentionally drove his patrol vehicle into D.A. (Compl. ¶¶ 14, 19, 20), and that vehicle is the very instrumentality that terminated D.A.'s freedom of movement and threw him from his bicycle to the pavement (Compl. ¶ 14).

Defendants' reliance on *County of Sacramento v. Lewis* and similar cases is misplaced because those cases address negligent or accidental conduct, not the intentional vehicular force pled here. *Lewis* held there was no seizure precisely because the officer stopped the passenger's movement by accidentally crashing into him, not "through means intentionally applied." *Lewis*, 523 U.S. 833, 834 (1998) (citing *Brower*, 489 U.S. at 597). The Ninth Circuit has been explicit about the dividing line: in *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021), the court distinguished *Lewis* on exactly this ground, explaining that "if the officer had intentionally collided with the motorcycle to stop it, the injured passenger would also have been seized." *Id*. at 1167. Accidental contact generally is not a seizure, but intentional application of vehicular force is. (Compl. ¶¶ 19, 20, 28.)

Therefore, taking Plaintiff's allegations as true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff adequately pleads an objectively unreasonable use of force in violation of the Fourth Amendment. This portion of the motion should be denied.

> **B.    Plaintiff Has Sufficiently Pled His Fourteenth Amendment Substantive Due Process Claim (Count Two)**

A substantive due process violation occurs when official conduct "shocks the conscience," *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010), but what that means "depends on the context." *Tennison v. City and Cnty. of San Francisco*,

6

570 F.3d 1078, 1089 (9th Cir. 2009). The deliberate-indifference standard applies when the officer has time to deliberate. *Tennison*, 570 F.3d at 1089. The higher purpose-to-harm standard applies only in situations "that escalate so quickly that the officer must make a snap judgment." *Porter v. Osborn*, 546 F.3d 1131, 1137–40 (9th Cir. 2008). On either standard, Plaintiff has adequately pleaded a Fourteenth Amendment claim.

Plaintiff pleads that Officer Miranda "had time to deliberate and this was not a split second decision made in the heat of the moment." (Compl. ¶ 26.) Under the deliberate-indifference standard, a plaintiff need only show that the officer "disregarded a known or obvious consequence of his action." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). And "[t]he deliberate-indifference inquiry should go to the jury if any rational factfinder could find this requisite mental state." *Id.*; *see also Nicholson v. City of Los Angeles*, 935 F.3d 685 (9th Cir. 2019). The Complaint alleges that Officer Miranda turned his vehicle into "an occupied crosswalk despite knowing it would risk severe injury or death to Plaintiff and other bystanders" and that "[t]his action was taken without any pressing need." (Compl. ¶ 28.) Based on those allegations it is plausible to infer that the officer recognized the obvious risk, had no legitimate reason to take it, and proceeded anyway, which is sufficient to plead a Fourteenth Amendment claim under a deliberate indifference standard. *Patel*, 648 F.3d at 974.

Even if the more demanding purpose-to-harm standard applied, the Complaint clears it. As the Fifth Circuit explained, "[w]here a citizen suffers physical injury due to a police officer's negligent use of his vehicle, no section 1983 claim is stated. . . . It is a different story when a citizen suffers or is seriously threatened with physical injury due to a police officer's intentional misuse of his vehicle." *Checki v. Webb*, 785 F.2d 534, 538 (5th Cir. 1986) (Fourteenth Amendment claim). The Complaint alleges intentional misuse of a vehicle: Officer Miranda turned into an occupied crosswalk, knowing the risk, "without any

7

pressing need." (Compl. ¶ 28.) Conduct that is unjustifiable by any legitimate law-enforcement purpose and undertaken with recognized risk of serious injury meets the purpose to harm standard. *Est. of Soakai v. Abdelaziz*, 137 F.4th 969, 980 (9th Cir. 2025).

This portion of the motion should be denied.

**C.    Plaintiff Has Sufficiently Pled His Bane Act Claim (Count Eight)**

Defendants' Bane Act argument relies almost exclusively on *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), but that reliance is misplaced. *Shoyoye* involved a plaintiff who was unlawfully detained in jail because of a clerical computer error, there was no allegation of any volitional, targeted act by any officer, only a clerical mistake. The court accordingly held that "mere human error or negligence" is insufficient. But here, Plaintiff alleges that Officer Miranda intentionally struck D.A. with his patrol vehicle (Compl. ¶¶ 19, 74) and that his "intentional acts . . . show that he acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating his intent to violate those rights" (Compl. ¶ 74).

Where a plaintiff adequately pleads excessive force in violation of the Fourth Amendment, the coercion element of the Bane Act is satisfied by the force itself, and specific intent may be shown through reckless disregard of the right at issue. *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). The Complaint pleads excessive force (see Section A, above), pleads intentional violation (Compl. ¶ 74), pleads reckless disregard (Compl. ¶¶ 22, 74), and pleads facts negating any legitimate law-enforcement purpose (Compl. ¶¶ 15, 28, 75). That is more than sufficient at the pleading stage.

For the reasons above, this portion of the motion should be denied.

**D.      If the Court Finds Any Allegation Insufficient, Leave to Amend Should Be Granted**

Should the Court find any allegation insufficient, Plaintiff requests leave to amend to address any identified deficiency. Rule 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). Defendants' contention that amendment would be "futile" rests on their own contested characterization of the facts as merely negligent, a characterization the Complaint flatly contradicts.

**V.      CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' motion as to Counts One, Two, and Eight. Plaintiff voluntarily dismisses Count Six, rendering the motion moot as to that count.

Dated: May 7, 2026          **LAW OFFICES OF DALE K. GALIPO**

By:    */s/    Cooper Alison-Mayne*
          Dale K. Galipo
          Cooper Alison-Mayne
          *Attorneys for Plaintiff*

9

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains **2,339** words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: May 7, 2026                    **LAW OFFICES OF DALE K. GALIPO**

By:    /s/    *Cooper Alison-Mayne*
                    Dale K. Galipo
                    Cooper Alison-Mayne

                    *Attorneys for Plaintiff*