JONES MAYER
Gary S. Kranker, Esq., SBN: 146426
gsk@jones-mayer.com
Melissa M. Ballard, Esq., SBN: 185739
mmb@jones-mayer.com
Ryan M. Allein, Esq., SBN: 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorney for Defendants,
CITY OF BALDWIN PARK; OFFICER JEREMY
MIRANDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,<br><br>          Defendants. | Case No. 2:26-cv-02489<br><br>*Assigned for All Purposes to:*<br>*Honorable Hernan D. Vera*<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS ONE, TWO, SIX, AND EIGHT, AS ALLEGED IN PLAINTIFF'S COMPLAINT, PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br><u>Hearing</u><br>Date: May 28, 2026<br>Time: 10:00 a.m.<br>Dept: 5B<br><br>Complaint Filed: March 9, 2026 |

-1-

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF BALDWIN PARK ("City") and OFFICER JEREMY MIRANDA (collectively referred to as "Defendants") hereby submit this Reply in Support of their Motion to Dismiss Counts One, Two, Six, and Eight, as Alleged in Plaintiff's Complaint, Pursuant to F.R.C.P. Rule 12(b)(6) ("Motion").[1]  As set forth herein, Plaintiff D.A., by and through his guardian ad litem, EARLINE JOHNSON ("Plaintiff") has failed to carry his burden of demonstrating he is entitled to the relief sought and, accordingly, the Motion should be granted without leave to amend.

Respectfully submitted.

Dated:  May 14, 2026

JONES MAYER

By _____
Gary S. Kranker, Esq.
Melissa M. Ballard, Esq.
Ryan M. Allein, Esq.
Attorneys for Defendants CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA

---

[1] On May 11, 2026, the parties filed a joint stipulation to dismiss the intentional infliction of emotional distress claim (count six) with prejudice.  Dkt. 16.  In fact, Plaintiff does not argue against dismissal – as to count six – in his opposition.  Accordingly, for purposes of this reply, Defendants will respond only to arguments in favor of dismissal as to counts one, two, and eight

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**



## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.      INTRODUCTION**

Plaintiff's vague and conclusory Complaint " 'aims in the general direction of the federal Constitution with buckshot.' " *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (quoting *Chiplin Enter. v. City of Lebanon*, 712 F.2d 1524, 1526 (1st Cir. 1983).  It alleges that Officer Miranda *intentionally* struck D.A. in the crosswalk without reference to any facts to support this allegation.  Rather, Plaintiff repeatedly refers to legal conclusions in support of his claims, without offering a modicum of facts to support an inference of intent.  Simply put, the facts alleged are indicative of a typical motor vehicle that involves a peace officer; this is not a civil rights matter.

The Supreme Court in *Parratt v. Taylor*, 451 U.S. 527 (1981), *Daniels v. Williams*, 474 U.S. 327 (1986), and *Davidson v. Cannon*, 474 U.S. 344 (1986) made clear, mere negligence or lack of due care by state officials does not trigger the protections of the Constitution and therefore does not state a claim under § 1983.  As much as Plaintiff encourages this Court to broaden the scope of § 1983 beyond its intended purpose – which is to address the deprivation of a constitutional right – Plaintiff alleges no facts to establish that Officer Miranda violated any constitutional rights whatsoever.  Instead, this accident was the product of human error and negligence – nothing more, and no case law cited by Plaintiff supports a different finding.

Because Plaintiff will be unable to plead sufficient facts to meet the threshold pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), this Court should grant Defendants' Motion and dismiss the § 1983 claims (counts one and two), along with the Bane Act (Cal. Civ. Code § 52.1) claim (count eight), which is also based on an alleged constitutional violation, with prejudice and without leave to amend.

/ / /

/ / /

-1-



**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

## II.    STATEMENT OF FACTS[2]

On April 14, 2026, Defendants filed their Motion.  Dkt. 13.  In this Motion, Defendants submitted that Plaintiff had failed to sufficiently plead the 42 U.S.C. § 1983 constitutional claims (counts one and two) and Bane Act (Cal. Civ. Code, § 52.1) claim (count eight).  In response, on May 7, 2026, Plaintiff filed his Opposition to Defendants' Motion to Dismiss Certain Claims Pursuant to F.R.C.P. Rule 12(b)(6) ("Opposition").  Dkt. 15.  In this document, Plaintiff alleges: (1) he adequately pleaded the 42 U.S.C. § 1983 claims (counts one and two); and (2) he adequately pleaded the Bane Act claim (count eight).  *Id.*

## III.    LEGAL STANDARD

While on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party[,]" *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  For purposes of constitutional claims, "[a] plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## IV.    PLAINTIFF HAS INSUFFICIENTLY PLED CONSTITUTIONAL VIOLATIONS IN SUPPORT OF COUNTS ONE, TWO, AND EIGHT

42 U.S.C. §1983 is an avenue for individuals to seek redress for local officials that violate their rights under the federal Constitutional or a federal statute. *Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir. 2006).  Its purpose is to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Id.*  Negligence or lack of due care by state officials does not trigger the protections of the Constitution and therefore does not state a claim under § 1983. *Parratt,* 451 U.S. at 544; *Daniels*, 474 U.S. at 336; *Davidson*, 474 U.S. at 347.

---

[2] Defendants incorporate by reference the summary of allegations in the Motion.  Dkt. 13, 2:8-28.


JONES MAYER
LAW

In a weak attempt to circumvent the rule that § 1983 is not founded in a simple negligence claim, Plaintiff conclusory alleges in his Complaint and Opposition that Officer Miranda *intentionally* struck D.A. with his patrol vehicle.  In support of this contention, Plaintiff argues intent can be inferred based on Officer Miranda: (1) turning onto an occupied crosswalk with a bicyclist on his left without his light or sirens activated, Comp. at ¶ 14, 15, 28; (2) driving without any pressing law-enforcement need, *id*. at ¶ 28; and (3) having time to deliberate rather than making a split-second reaction, *id*. at ¶ 26.  Opposition, at 5:15-20.  Although Plaintiff attempts to convert an otherwise negligent act into an *intentional* one by simply alleging "[u]pon information and belief . . . Officer Miranda had time to deliberate and this was not a split second decision made in the heat of the moment," Compl. at ¶ 26, this conclusory statement alone – without *any* facts in support whatsoever – is insufficient to support an inference of a constitutional violation.  *See Davidson*, 474 U.S. at 347; *see also Daniels*, 474 U.S. at  330-32.  As discussed in the Motion, these allegations are indicative of a motor vehicle accident based on negligence.

### A.    Plaintiff Has Insufficiently Pled Both an Excessive Force Claim and Due Process Claim (Counts One & Two)

As stated, Plaintiff's § 1983 claims are predicated on the conclusory assertion that Officer Miranda *intentionally* struck Plaintiff while he was walking on the sidewalk.  Plaintiff relies on the assertion that "Officer Miranda turned his vehicle into 'an occupied crosswalk despite knowing it would risk severe injury or death to [him] and other bystanders' and that '[t]his action was taken without any pressing need.' " Opposition, at 7:14-17; Compl. at ¶ 28.  However, Plaintiff does not allege any facts to support this conclusory statement.  Essentially, Plaintiff alleges a prototypical motor vehicle accident where "deaths and injuries resulting from a state employee's lack of due care do not implicate the Constitution." *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 436 (N.Y.S.D. 2004) (citing to *Davidson*, 474 U.S. at 347).

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

The Supreme Court's decision in *Paratt* is instructive.  In *Paratt*, a state prisoner sued under § 1983, claiming that prison officials had negligently deprived him of his property without due process of law.  *Parratt*, 451 U.S. 527.  The Court concluded that although petitioner had been "deprived" of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's post deprivation tort remedy provided the process that was due.  *Id*. at 536-37.[3]  Specifically, the Court stated as follows:

> Our decision today is fully consistent with our prior cases.  To accept respondent's argument that the conduct of the state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983.  It is hard to perceive any logical stopping place to such a line of reasoning.  *Presumably, under this rationale any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983*.  Such reasoning "would make of the Fourteenth Amendment a font of tort law to superimposed upon whatever systems may already be administered by the States."  *Paul v. Davis*, 424 U.S. 693, 701 (1976).  We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society.
>
> *Id*. at 544 (emphasis added).

Here, Plaintiff is arguing for an unjustifiable expansion of § 1983 liability.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed rights* and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (emphasis added).

---

[3] The Supreme Court in *Daniels* then concluded "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels*, 474 U.S. at 328.

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**



"[S]ection 1983 'imposes liability for violations of rights protected by the Constitution, *not for violations of duties of care arising out of tort law*." *Johnson v. Baker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (emphasis added). "In order to achieve constitutional import, there must be a deprivation of a protected interest." *Paul*, 424 U.S. at 701.

Notwithstanding this clear Supreme Court precedent, Plaintiff refers this Court to the Ninth Circuit's decision in *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021) in support of his excessive force argument. Opposition, at 6:14-18. However, *Villanueva* is highly distinguishable and not supportive of Plaintiff's position. In *Villanueva*, police officers in an unmarked police car observed a pickup truck performing an illegal maneuver in a parking lot. *Id*. at 1163. The officers initiated their overhead lights and sirens and proceeded to engage in a high speed pursuit with the suspect. *Id*. The suspect eventually was cornered in a dead end street and came to a complete stop. *Id*. The officers exited their patrol vehicle and at this point, the suspect attempted to back out of the street, which resulted in the officers shooting and killing the driver.

The Ninth Circuit found the officers were not entitled to qualified immunity because it was "clearly established than officer violates a person's constitutional rights by shooting at a slow-moving vehicle that the officer could reasonably have side-stepped to remove himself from danger." *Id*. at 1173.

Further, Plaintiff refers this Court to the Fifth Circuit's decision in *Checki v. Webb*, 785 F.2d 534 (5th Cri. 1986) in support of his due process claim. Opposition, at 7:26-27. Specifically, Plaintiff refers to *Checki* when the Court held, "Where a citizen suffers physical injury to a police officer's *negligent use* of his vehicle, no section 1983 claim is stated. [Citation.] [However,] [i]t is a different story when a citizen suffers or is seriously threatened with physical injury due to a police officer's *intentional misuse* of his vehicle." *Id*. at 538 (emphasis in original). In *Checki*, the peace officer tailgated a driver who had accelerated to speeds in excess of 100 miles per hour in response to the police's approach, and after the car finally stopped at a roadblock, one of the

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

JM
JONES MAYER
LAW

pursuing officers struck Checki with his revolver and broke his companion's arm. *Id*. at 535-36. Based on these facts, the court concluded, "Where a police officer uses a police vehicle to terrorize a civilian, and he has done so with malicious abuse of official power shocking the conscience, a court may conclude that the officers have crossed the 'constitutional line.' " *Id*. at 538.

Obviously, the facts of this case are inherently different than what the Ninth Circuit analyzed in *Villaneuva* and the Fifth Circuit analyzed in *Checki*. Again, unlike, for example, an officer who pulls out their firearm, sees the target in front of them, aims their firearm in the target's direction, and decides to apply pressure to the trigger and fire their weapon – all of which evidences an intent to engage in deadly force – Officer Miranda in this case allegedly simply made a turn without yielding to D.A. in the crosswalk. There are *no facts* alleged of any intentional conduct by Officer Miranda to violate D.A.'s rights under the Constitutional or a federal statute.

Further, as to the alleged Due Process violation, Plaintiff alleges that Officer Miranda violated his Due Process rights under both the deliberate-indifference standard and purpose-to-harm standard. Opposition, at 7:1-8:4. However, under either test, the Complaint fails to allege sufficient facts to support a claim. The Ninth Circuit treats the "shocks the conscience" test under the Fourteenth Amendment as one involving a spectrum between "a purpose to harm" standard and a "deliberate indifference" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Where actual deliberation is practical, an officer's "deliberate indifference" may suffice to shock the conscience. *Id*. at 1139. However, where an officer faces "fast paced circumstances presenting competing public safety obligations, the purpose to harm standard must apply." *Id*.

Again, Plaintiff has failed to allege *any* facts that establish Officer Miranda either had either the time to deliberate or that he had a "purpose to harm" Plaintiff. Rather, Plaintiff merely conclusory alleges Officer Miranda "turned into an occupied crosswalk despite knowing it would risk severe injury or death to [him] and other bystanders."



**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

Compl. at ¶ 28. Plaintiff then concludes – with no other factual support – that Officer Miranda "was deliberately indifferent to the harm that would be caused to Plaintiff." *Id*. at ¶ 27. Conclusory allegations like these are insufficient to support a claim at the pleading stage. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss); *see also Est. of Weiss v. Cnty. of Riverside*, 2024 U.S. Dist. LEXIS 243296, at \*6 (C.D. Cal. Dec. 19, 2024) ("Thus, to survive a 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to support a reasonable inference of deliberate indifference.").

Overall, it is telling that Plaintiff has failed to cite to *any* case that is even within the same ballpark as the facts of this case. Additionally, Plaintiff in his Opposition has failed to distinguish any of the cases cited by Defendants' in support of their Motion. This is undoubtedly due to the Supreme Court being clear that § 1983 should *not* apply to "every alleged injury which may have been inflicted by a state official" and if the Court did not limit its scope "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." *Parratt*, 451 U.S. at 544. This is exactly what we have in this case. Therefore, this Court should not broaden the scope of § 1983 beyond the United States Supreme Court's prior limitations. Accordingly, counts one and two should be dismissed.

**B.    Plaintiff Has Insufficiently Pled His Bane Act (Cal. Civ. Code § 52.1) (Count Eight)**

A Tom Bane Act claim requires specific intent to violate the plaintiff's rights. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) ("[T]he Bane Act requires . . . a specific intent to violate the arrestee's right to freedom from unreasonable seizure.") (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal.App.5th 766, 801 (2017)). "[S]pecific intent" may be shown by demonstrating that the officer "acted . . . 'in reckless disregard of constitutional or statutory prohibitions or statutory prohibitions or guarantees.' " *Id*. at 803-04; *Reese*, 888 F.3d at 1045 ("[A] reckless disregard for a

**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**

person's constitutional rights is evidence of a specific intent to deprive that person of those rights.").

Furthermore, to sufficiently allege specific intent in a Bane Act claim, Plaintiff must satisfy two requirements. First, the right at issue must be "clearly delineated and plainly applicable under the circumstances of the case." *Cornell*, 17 Cal.App.5th at 803. Second, the defendant must have "commit[ted] the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that . . . right." *Id.*

Here, Plaintiff argues that the Bane Act claim should survive since an excessive force claim in violation of the Fourth Amendment was adequately pled. However, as shown above and in the Motion, Plaintiff has failed to allege a viable civil rights claim. Plaintiff has been unable to articulate any constitutional rights were violated by Officer Miranda. Further, Plaintiff has insufficiently pled that Officer Miranda either intentionally or with reckless disregard violated any assumed constitutional rights. Simply alleging Officer Miranda possessed the intent to strike D.A. – without providing any facts in support – is insufficient even under the low-threshold of *Iqbal*. Accordingly, count eight should also be dismissed.

## V.    LEAVE TO AMEND SHOULD BE DENIED

As stated in the Motion, although a Court should generally grant leave to amend the pleadings before trial under Rule 15(a), leave to amend may be denied where the complaint "could not be saved by any amendment," i.e., "where the amendment would be futile." *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Here, any potential amendment(s) to counts one, two, and eight would be futile. Plaintiff can continue to assert – through future amendments – that Officer Miranda had the intent to strike D.A.; however, this does not change the facts of this case. The facts alleged demonstrate that Plaintiff's injuries were allegedly the product of human error and negligence – nothing more. Accordingly, Plaintiff's request for leave to amend should be denied.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, Defendants CITY OF BALDWIN PARK and JEREMY MIRANDA request this Court grant their Motion to Dismiss Counts One, Two, Six, and Eight, as alleged in the Complaint, with prejudice and without leave to amend.

Respectfully submitted,

Dated:  May 14, 2026                              JONES MAYER

By _____
Gary S. Kranker, Esq.
Melissa M. Ballard, Esq.
Ryan M. Allein, Esq.
Attorneys for Defendants CITY OF
BALDWIN PARK and OFFICER
JEREMY MIRANDA



-9-
**DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION**