UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON, | Case No. 2:26-cv-02489-HDV-AJR |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [13]** |
| CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff D.A., a minor child, brings this action against Defendants City of Baldwin Park and Officer Jeremy Miranda alleging that Officer Miranda intentionally hit Plaintiff with his patrol vehicle while Plaintiff was riding his bicycle in a crosswalk. Complaint [Dkt. 1] ¶¶ 14, 19–20, 28. Plaintiff brings claims under 42 U.S.C. § 1983 for Fourth Amendment excessive force and Fourteenth Amendment substantive due process violations, in addition to claims for battery, motor vehicle negligence, negligent use of force, negligent infliction of emotional distress, and violation of the Bane Act (Cal. Civ. Code § 52.1). *Id*. ¶¶ 18–82.

Before the Court is Defendants' Motion to Dismiss Plaintiff's Section 1983 and Bane Act claims ("Motion"). [Dkt. 13]. The Court concludes that Plaintiff's conclusory allegation that Officer Miranda acted with the requisite intent is not entitled to the *Iqbal/Twombly* plausibility-related presumption, and that the well-pled, non-conclusory facts in the Complaint describe conduct more consistent with a negligent traffic accident than with an intentional use of force. It is simply not plausible, on the facts alleged, that a police officer making a left turn in his marked patrol vehicle intentionally drove into a ten-year-old bicyclist with the purpose of injuring or killing him. Defendants' Motion is therefore granted with leave to amend.

## II.    BACKGROUND

The following facts are derived from the Complaint. The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On May 14, 2025, Plaintiff D.A., a minor child, was riding his bicycle around an intersection in the City of Baldwin Park, California. Complaint ¶¶ 6, 12. At that time, Defendant Officer Jeremy Miranda was on duty as a sworn officer of the Baldwin Park Police Department, driving his patrol vehicle. *Id*. ¶¶ 12–13. Officer Miranda made a left turn "without yielding" to Plaintiff, who was on his left side, "throwing him from his bicycle onto the pavement." *Id*. ¶ 14. Officer Miranda's emergency lights and sirens were not activated at the time of the collision. *Id*. ¶ 15. As a result, Plaintiff sustained "significant mental and physical injuries, including a fractured arm and abrasions to his face, chin, stomach, and legs." *Id*. ¶ 16. The Complaint alleges that Officer Miranda

1

"intentionally struck Plaintiff with his patrol vehicle," *id*. ¶¶ 19–20; that he "had time to deliberate and this was not a split second decision made in the heat of the moment," *id*. ¶ 26; and that he "turned into an occupied crosswalk despite knowing it would risk severe injury or death to Plaintiff and other bystanders" and "without any pressing need," *id*. ¶ 28.

Based on these allegations, Plaintiff asserts eight causes of action. As relevant to the Motion, Plaintiff's first cause of action alleges excessive force in violation of the Fourth Amendment, brought under 42 U.S.C. § 1983. *Id*. ¶¶ 18–23. Plaintiff's second cause of action alleges a violation of substantive due process under the Fourteenth Amendment, also brought under Section 1983. *Id*. ¶¶ 24–32. Plaintiff's eighth cause of action alleges a violation of California's Bane Act, Cal. Civ. Code § 52.1. *Id*. ¶¶ 68–82. Defendants moved to dismiss these three causes of action, along with Plaintiff's sixth cause of action for intentional infliction of emotional distress, which Plaintiff has since voluntarily dismissed by stipulation. [Dkts. 16, 18]; Opposition [Dkt. 15] at 2 n.1.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, allegations of material fact should be construed in the light most

favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

## IV.    DISCUSSION

### A.    Counts One and Two: Section 1983

To state a claim under Section 1983, a plaintiff must "plead that (1) the defendant[] acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).  It is well established that "[m]ere negligence or lack of due care by state officials in the conduct of their duties does not trigger" the protections of the Constitution "and therefore does not state a claim under § 1983." *Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

Plaintiff's Fourth Amendment claim requires a "seizure," which occurs where a person's freedom of movement is terminated or restrained "through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (quoting *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989)). Accidental or negligent contact by a government vehicle does not constitute a seizure. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998).  Plaintiff's Fourteenth Amendment claim likewise requires conduct that "shocks the conscience"—either a purpose to harm unrelated to any legitimate government objective, or, where actual deliberation was practical, deliberate indifference to a known or obvious risk. *Porter v. Osborn*, 546 F.3d 1131, 1137–39 (9th Cir. 2008).  Both theories require the Court to be able to plausibly infer that Officer Miranda's conduct was something more than negligence.

The Complaint does not clear that bar.  Stripped of its conclusory labels, the Complaint alleges that Officer Miranda, while driving his patrol vehicle, made a left turn and failed to yield to a bicyclist approaching on his left, causing a collision.  Complaint ¶ 14.  Officer Miranda's lights and sirens were off.  *Id.* ¶ 15.  Plaintiff's remaining allegations—that Officer Miranda "intentionally" struck Plaintiff, that he "had time to deliberate," and that he acted "despite knowing" the risk and "without any pressing need," Complaint ¶¶ 19–20, 26, 28—are not factual allegations at all; they are legal conclusions, offered without any supporting detail, for example, about what Officer Miranda

3

saw, when he saw it, or why he nonetheless proceeded.  *See Iqbal*, 556 U.S. at 678–80.

The Court does not doubt that Plaintiff sufficiently alleges he suffered a serious and frightening injury, but the question at this stage is not whether Plaintiff was harmed; it is whether the facts alleged make it plausible—not merely conceivable—that Officer Miranda acted with the purpose of running him down, or with conscious disregard of an obvious risk to him, rather than simply failing to see a bicyclist while completing a turn.  A left turn, without more, is precisely the kind of "obvious alternative explanation" of ordinary negligence that renders the inference of intentional or conscience-shocking conduct implausible.  *Id*. at 682 (citing *Twombly*, 550 U.S. at 567).  The Complaint does not allege any facts, such as a prior interaction between the two that might plausibly explain the alleged intent to injure, or any other circumstance from which the requisite intent could be inferred.  *See generally* Complaint ¶¶ 12–32.

Counts One and Two are therefore dismissed for failure to plausibly allege that Officer Miranda acted with the intent, purpose, or deliberate indifference necessary to convert this traffic accident into a constitutional violation.

**B.      Count Eight: Violation of Bane Act (Cal. Civ. Code § 52.1)**

The Bane Act requires a plaintiff to show that a defendant interfered with his constitutional rights "by threat, intimidation, or coercion," and that the defendant acted with the specific intent to violate those rights.  *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017)).  Specific intent may be shown through proof that the defendant acted in "reckless disregard" of the plaintiff's constitutional or statutory rights, *id*. at 1045, but mere "human error" or negligence does not suffice, *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 958–59 (2012).

Plaintiff's Bane Act claim is predicated on the same allegation of intentional conduct underlying Count One.  Complaint ¶¶ 72, 74.  Because the Court has concluded that the Complaint fails to plausibly allege that Officer Miranda acted intentionally or with reckless disregard of Plaintiff's rights, rather than negligently, the Bane Act claim fails for the same reason.  *See Shoyoye*, 203 Cal. App. 4th at 958–59 (Section 52.1 addresses "interference with constitutional rights

involving more egregious conduct than mere negligence").

## V.    CONCLUSION

For the foregoing reasons, Defendants' Motion is granted.  Counts One, Two, and Eight are dismissed with leave to amend.[1]  Plaintiff shall file an amended complaint **within 20 days of this Order**.

Dated: July 6, 2026

_____
Hernán D. Vera
United States District Judge

---

[1] Although the Court is skeptical that Plaintiff's pleading deficiencies can be cured by amendment, leave to amend must be granted "freely" unless amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because the Court cannot say with certainty that no additional facts exist that could plausibly support an inference of intentional conduct, dismissal with prejudice is not warranted at this time.