**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
~~Cooper Mayne (SBN 343691)~~Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

D.A., by and through his guardian ad litem, EARLINE JOHNSON,

Plaintiff,

vs.

CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,

Defendants.

Case No.: 2:26-cv-02489-HDV-AJR

~~COMPLAINT FOR DAMAGES:~~**FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. ~~Fourth Amendment, Excessive Force (42 U.S.C. § 1983)~~
~~2.~~1. Fourteenth Amendment, Substantive Due Process (42 U.S.C. § 1983)
~~3.~~2. Battery
~~4.~~3. Motor Vehicle Negligence
~~5.~~4. Negligent Use of Force
~~6. Intentional Infliction of Emotional Distress~~
~~7.~~5. Negligent Infliction of Emotional Distress
~~8.~~6. Violation of Bane Act (Cal. Civil Code §52.1)

**DEMAND FOR JURY TRIAL**

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

1

COMES NOW, Plaintiff D.A., by and through his guardian ad litem EARLINE JOHNSON, individually, ~~for his Complaint against~~for his First Amended Complaint against Defendants CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA ("Defendants"), and alleges as follows:

**<u>INTRODUCTION</u>**

1.      This case arises from a police officer's decision to risk a child's life to write a traffic ticket. A gray Toyota Camry ran a red light and drove away. It endangered no one once it cleared the intersection, and nothing about a completed, minor traffic violation required Defendant OFFICER MIRANDA to accelerate—blinded by glare from the sun, by his own admission—through a marked, signal-controlled crosswalk that ten-year-old Plaintiff D.A. was crossing on his bicycle with the pedestrian signal in his favor, seconds after D.A. had nearly been struck in that same crosswalk in front of OFFICER MIRANDA's eyes. The Fourteenth Amendment does not permit an officer, with time to deliberate, to consciously disregard a known, obvious, and deadly risk to a child in service of so trivial a law-enforcement interest.

~~1.~~2.   This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the motor vehicle collision between Plaintiff D.A. and Defendant OFFICER MIRANDA on May 14, 2025.

3.      Plaintiff alleges that his injuries are a result of the collision involving Defendants OFFICER MIRANDA and of Defendants' deliberate indifference to his Constitutional rights.

~~2.~~4.   In 2023, the most recent year for which the California Highway Patrol has reported to the Legislature, California law enforcement agencies reported 13,627 vehicle pursuits. Those pursuits produced 2,593 crashes, including 915 injury crashes and 32 fatal crashes, injuring 1,509 people and killing 43. Uninvolved third parties, people who had done nothing but occupy the same

roadway, accounted for 473 of the injured and 13 of the dead. The violations that prompted these enforcement efforts were most often minor infractions like speeding, registration and license plate infractions, and red light or stop sign violations. California has answered by insulating officers rather than protecting the public. *See, e.g.,* Vehicle Code section 17004.7. The state's ability and willingness to limit and withold a remedy to parties injured in these incidents makes it all the more important that cases like this be heard in federal court, and that is why Plaintiff, a ten-year-old child struck in a marked crosswalk while crossing with the signal in his favor, brings his constitutional claims in this Court.

## JURISDICTION AND VENUE

3.5.   This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.6.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all Defendants reside in this district.

## PARTIES

5.7.   At all relevant times, Plaintiff D.A. is and was an individual residing in the City of Baldwin Park, California. D.A. seeks both compensatory and punitive damages under federal and state law.

6.8.   D.A. is a minor and appears in this action through his mother and guardian ad litem, EARLINE JOHNSON.

7.9.   At all relevant times, Defendant CITY OF BALDWIN PARK ("CITY") is and was a municipal corporation existing under the laws of the State of

3

California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Baldwin Park Police Department and its agents and employees. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of OFFICER MIRANDA.

8.10.   Defendant OFFICER JEREMY MIRANDA is a police officer for the CITY. At all relevant times, OFFICER MIRANDA was acting under color of law and within the course and scope of his duties as a police officer for the CITY, and was acting with the complete authority and ratification of his principal, Defendant CITY.  On information and belief, OFFICER MIRANDA was a resident of the City of Baldwin Park at all relevant times. OFFICER MIRANDA is sued in his individual capacity.

9.11.   At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

10.12. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.13. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

12.14. On or about May 14, 2025, at or around the intersection of Pacific

4

Avenue and Vineland Avenue, in the city of Baldwin Park, California, OFFICER MIRANDA was on duty as a sworn law enforcement officer with the Baldwin Park Police Department.

13.15. While on duty as a sworn law enforcement officer with the Baldwin Park Police Department, OFFICER MIRANDA was driving his patrol vehicle. At approximately 6:58 a.m., OFFICER MIRANDA brought his patrol vehicle to a complete stop at the limit line in the eastbound number one lane of Pacific Avenue, for a red traffic signal at the intersection with Vineland Avenue.

16.    At the same time, Plaintiff D.A., then ten years old, was stopped on the sidewalk at the corner of Pacific Avenue and Vineland Avenue, waiting to ride his bicycle westbound across Vineland Avenue in the marked crosswalk on the north side of the intersection. D.A. waited for the traffic signal to turn green and for the pedestrian control signal to phase to "walk."

17.    When the traffic signal turned green and the pedestrian control signal phased to "walk," D.A. began riding his bicycle across Vineland Avenue within the marked crosswalk. As D.A. was crossing, a gray Toyota Camry traveling northbound on Vineland Avenue ran the red traffic signal, entered the intersection, and nearly struck D.A. in the crosswalk. D.A. paused, avoided the Camry, and continued riding across the crosswalk.

18.    OFFICER MIRANDA, who was stopped at the limit line directly facing the intersection, observed the Camry run the red traffic signal. The Camry's near-collision with D.A. occurred in the intersection directly in front of OFFICER MIRANDA's patrol vehicle and within his field of view.

19.    OFFICER MIRANDA decided to initiate a traffic enforcement stop of the Camry. He activated his patrol vehicle's overhead emergency lights, but he did not activate his siren. He then accelerated from a complete stop to approximately 20 miles per hour into the intersection and began a left turn northbound onto Vineland Avenue, toward the marked crosswalk that D.A. was actively crossing.

20.    D.A. was visible in the marked crosswalk from OFFICER MIRANDA's vantage point as he accelerated into the turn.

21.    By his own admission, OFFICER MIRANDA had glare from the sun in his view as he made the left turn, such that he could not see what was in his path. Despite knowing that his vision was obscured, that the crosswalk was controlled by a pedestrian signal showing "walk," and that a child on a bicycle had nearly been struck in that same crosswalk moments earlier, OFFICER MIRANDA accelerated through the crosswalk without stopping, slowing, or yielding.

22.    There was no emergency and no exigency. The Camry had committed a completed, routine traffic violation and was driving away from the intersection; no pursuit, chase, or split-second judgment was required. OFFICER MIRANDA had time to observe the intersection, deliberate, and confirm that the crosswalk was clear before proceeding through it. Actual deliberation was practical.

14.23. While driving his patrol vehicle, OFFICER MIRANDA made a left turn northbound onto Vineland Avenue, without yielding to D.A. on his left side, throwing him from his bicycle onto the pavement. As OFFICER MIRANDA completed the left turn, the front of his patrol vehicle struck D.A. while D.A. was riding within the marked crosswalk, throwing D.A. from his bicycle onto the pavement.

15.24. OFFICER MIRANDA's lights and sirens on his patrol vehicle were not active. OFFICER MIRANDA never activated his patrol vehicle's siren at any time before or during the collision.

16.25. Plaintiff sustained significant mental and physical injuries, including a fractured arm and abrasions to his face, chin, stomach, and legs.

17.26. On or around September 26, 2025, Plaintiff filed comprehensive and timely claims for damages with the City of Baldwin Park pursuant to the applicable sections of the California Government Code. As of this date, Plaintiff has not received a rejection letter. Plaintiff's claims were thereafter denied by operation of

6

law pursuant to California Government Code section 912.4.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

(Plaintiff against Defendant OFFICER MIRANDA)

18. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

19. When OFFICER MIRANDA intentionally struck Plaintiff with his patrol vehicle, he used excessive and unreasonable force which deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

20. OFFICER MIRANDA intentionally striking Plaintiff with his patrol vehicle was an excessive and unreasonable use of force under the circumstances. OFFICER MIRANDA's actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

21. As a result of Defendant OFFICER MIRANDA's unreasonable use of force, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

22. The conduct of OFFICER MIRANDA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to OFFICER MIRANDA.

23. Plaintiff also seeks costs and attorney's fees under this claim.

7

**SECONDFIRST CLAIM FOR RELIEF**

**Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)**

(Plaintiff against Defendants OFFICER MIRANDADefendant OFFICER MIRANDA)

27. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28. OFFICER MIRANDA, acting under color of state law, deprived Plaintiff of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

29. Upon information and belief, Defendant OFFICER MIRANDA had time to deliberate and this was not a split second decision made in the heat of the moment. Defendant OFFICER MIRANDA had time to deliberate, and this was not a split-second decision made in the heat of the moment. OFFICER MIRANDA was stopped at a red traffic signal directly facing the intersection and the marked crosswalk, chose to initiate a discretionary traffic enforcement stop for a completed traffic violation, and controlled the timing and manner of his own entry into the intersection. No urgency prevented him from waiting the few seconds necessary for D.A. to clear the crosswalk, or from confirming that the crosswalk was clear before accelerating through it.

30. OFFICER MIRANDA was deliberately indifferent to the harm that would be caused to Plaintiff. OFFICER MIRANDA acted with deliberate indifference to the known and obvious risk of severe injury or death to Plaintiff. OFFICER MIRANDA knew the marked crosswalk was occupied or likely occupied: he had just watched the Camry nearly strike D.A. in that same crosswalk; D.A. entered the crosswalk before OFFICER MIRANDA's patrol vehicle reached it and was visible from OFFICER MIRANDA's vantage point; and the pedestrian control signal was showing "walk." OFFICER MIRANDA further knew, by his

8

own admission, that glare from the sun prevented him from seeing what was in his path. He nonetheless accelerated through the crosswalk without stopping, slowing, or yielding, disregarding a known and obvious consequence of his action.

28.31. OFFICER MIRANDA acted with a purpose to harm Plaintiff because he turned into an occupied crosswalk despite knowing it would risk severe injury or death to Plaintiff and other bystanders. This action was taken without any pressing need. OFFICER MIRANDA recognized the obvious risk that accelerating through an occupied crosswalk while unable to see his path would cause severe injury or death to D.A. and other vulnerable roadway users, had no legitimate law enforcement need to take that risk, and proceeded anyway. The initiation of a routine traffic stop for a completed traffic violation provided no justification for driving, without looking or while unable to see, through a signal-controlled crosswalk occupied by a child.

29.32. Defendant OFFICER MIRANDA's conduct shocks the conscience by showing a purpose to harm Plaintiff and/or deliberate indifference to Plaintiff's constitutional rights Defendant OFFICER MIRANDA's conduct shocks the conscience because, with actual deliberation practical, he acted with deliberate indifference to a known and obvious risk of severe injury or death to Plaintiff.

30.33. As a result of Defendant OFFICER MIRANDA's violation of Plaintiff's Fourteenth Amendment rights, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

31.34. The conduct of OFFICER MIRANDA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to OFFICER MIRANDA.

32.35. Plaintiff also seeks costs and attorney's fees under this claim.

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

~~THIRD~~SECOND **CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against all Defendants)

~~33.~~36. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~34.~~37. Defendant OFFICER MIRANDA, while working as a police officer for the CITY and acting within the course and scope of his duties, intentionally struck Plaintiff with his patrol vehicle. OFFICER MIRANDA had no legal justification for using force against Plaintiff and said use of force while carrying out his official duties was unreasonable. As a result of the actions of OFFICER MIRANDA, Plaintiff suffered severe mental and physical pain and suffering.

~~35.~~38. CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

~~36.~~39. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

~~37.~~40. The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

~~FOURTH~~THIRD **CLAIM FOR RELIEF**

**Motor Vehicle Negligence**

(Plaintiff against all Defendants)

~~38.~~41. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

10

39.42. The actions and inactions of OFFICER MIRANDA was negligent, including but not limited to:

    a.    OFFICER MIRANDA's negligent operation of the patrol vehicle, including negligently striking Plaintiff with the patrol vehicle;

    b.    CITY's failure to properly and adequately train CITY police officers, including OFFICER MIRANDA, including with regard to the proper operation of a patrol vehicle;

    c.    The failure to properly train and supervise employees, including OFFICER MIRANDA.

40.43. As a direct and proximate result of OFFICER MIRANDA's conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered mental and physical pain and suffering.

41.44. CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

42.45. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

### ~~FIFTH~~FOURTH CLAIM FOR RELIEF

**Negligent Use of Force**

(Plaintiff against all Defendants)

43.46. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44.47. OFFICER MIRANDA owed Plaintiff a duty to use reasonable force in the course of his law enforcement duties.

11

45.48.OFFICER MIRANDA breached that duty by using unreasonable force against Plaintiff, including by operating his patrol vehicle in a manner that caused it to strike Plaintiff. Even if OFFICER MIRANDA's conduct is construed as a use of force rather than intentional conduct, his decision to maneuver his vehicle in a manner that struck Plaintiff was unreasonable under the circumstances and constituted a negligent use of force.

46.49.A reasonable officer in OFFICER MIRANDA's position would not have operated his vehicle in a manner that posed an unreasonable risk of serious injury or death to Plaintiff, who was a bicyclist and did not pose a threat to OFFICER MIRANDA or others.

47.50.OFFICER MIRANDA's negligent use of force was a substantial factor in causing Plaintiff's physical and emotional injuries.

48.51.CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

49.52.Accordingly, Defendants are liable to Plaintiff for compensatory damages.

### SIXTH CLAIM FOR RELIEF

#### Intentional Infliction of Emotional Distress

(Plaintiff against Defendant OFFICER MIRANDA)

50.  Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.  OFFICER MIRANDA's conduct was intended to cause Plaintiff to suffer severe emotional distress.

52.  OFFICER MIRANDA's conduct was outrageous towards Plaintiff.

12

53.    OFFICER MIRANDA intended to cause Plaintiff emotional distress or acted with reckless indifference of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when the conduct occurred.

54.    Plaintiff suffered severe emotional distress as a direct and proximate result.

55.    Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

56.    Accordingly, OFFICER MIRANDA is liable to Plaintiff for compensatory damages.

57.    The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

### SEVENTHFIFTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

(Plaintiff against all Defendants)

58.53. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59.54. OFFICER MIRANDA owed Plaintiff a duty of care to avoid negligently causing him emotional distress.

60.55. OFFICER MIRANDA breached that duty by engaging in negligent operation of his patrol vehicle.

61.56. Plaintiff was present at the scene when the dangerous conduct occurred and was aware that it was causing injury to him.

62.57. As a result of OFFICER MIRANDA's negligence, Plaintiff suffered serious emotional distress, which was a reasonably foreseeable result of OFFICER MIRANDA's conduct

63.58. Plaintiff's emotional distress has resulted in physical symptoms,

13

including but not limited to, anxiety, depression, sleeplessness, and physical pain.

64.59. OFFICER MIRANDA's negligent conduct was a substantial factor in causing Plaintiff's serious emotional distress.

65.60. As a proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, and pain and suffering.

66.61. Defendant CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

67.62. Accordingly, Defendants are liable to Plaintiff for compensatory damages.

## ~~EIGHTH~~SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against all Defendants)

68.63. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.64. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

70.65. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

71.66. ~~The Bane Act, the California Constitution and California common law~~

14

~~prohibit unlawful detention and arrest and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action and permits survival actions for such claims.~~The Bane Act protects rights secured by the Constitution and laws of the United States and of California, including Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution and under article I, section 7 of the California Constitution. The Bane Act authorizes a private right of action for such claims.

~~72.~~67. ~~OFFICER MIRANDA violated Plaintiff's constitutional, statutory, and common law rights by unlawfully detaining him and using excessive force, where his acts were done intentionally and with a reckless disregard for Plaintiff's rights and for his life.~~OFFICER MIRANDA interfered with Plaintiff's constitutional rights by coercion, namely the application of physical force with his patrol vehicle, when he deliberately accelerated through an occupied, signal-controlled crosswalk that he knew he could not see, in conscious and reckless disregard for Plaintiff's rights and for his life.

~~73.~~68. ~~Defendant OFFICER MIRANDA operation of the vehicle was unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendant OFFICER MIRANDA was a substantial factor in causing the harm, injuries, and damages to Plaintiff.~~ Defendant OFFICER MIRANDA's operation of the vehicle was unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his rights to due process of law and to bodily integrity under the United States and California Constitutions and other California law. The conduct of Defendant OFFICER MIRANDA was a substantial factor in causing the harm, injuries, and damages to Plaintiff.

~~74.~~69. ~~Defendant OFFICER MIRANDA intentionally violated Plaintiff's constitutional rights by using excessive force against him, including but not limited~~

15

to striking him with a patrol vehicle. Further, these intentional acts by OFFICER MIRANDA show that he acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating his intent to violate those rights. OFFICER MIRANDA acted with the specific intent to violate Plaintiff's rights, as demonstrated by his reckless disregard of those rights: he deliberately accelerated through a marked, occupied crosswalk, with the pedestrian signal in Plaintiff's favor, immediately after watching another vehicle nearly strike Plaintiff in that same crosswalk, and while glare from the sun admittedly prevented him from seeing what was in his path.

75. 70. At the time OFFICER MIRANDA intentionally struck Plaintiff, Plaintiff was not committing a crime or resisting arrest, and did not pose a threat of death or serious bodily injury and Plaintiff had not verbally threatened anyone in the leadup to the collision. There is direct and circumstantial evidence that OFFICER MIRANDA intentionally violated Plaintiff's rights by intentionally striking him with the patrol vehicle. At the time OFFICER MIRANDA struck Plaintiff, Plaintiff was a ten-year-old child lawfully riding his bicycle in a marked crosswalk with the pedestrian signal in his favor. Plaintiff was not committing any crime, posed no threat to anyone, and was not the subject of any law enforcement activity.

76. 71. Defendants OFFICER MIRANDA, while working as a police officer for the CITY, and acting within the course and scope of his duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation. to due process of law and to be free from state actions that shock the conscience, by committing acts involving violence and coercion.

77. 72. Plaintiff was caused to suffer extreme mental and physical pain and

suffering.

78.73. The conduct of OFFICER MIRANDA was a substantial factor in causing the harm, injuries and damages of Plaintiff.

79.74. Defendant CITY is vicariously liable for the wrongful acts of OFFICER MIRANDA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.75. As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

81.76. The conduct of OFFICER MIRANDA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

82.77. Plaintiff also seeks costs and attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff D.A., by and through his guardian ad litem EARLINE JOHNSON, requests entry of judgment in his favor and against Defendants CITY OF BALDWIN PARK and OFFICER MIRANDA, as follows:

A.    For compensatory damages in the amount to be proven at trial;

B.    For other general damages in an amount according to proof at trial;

C.    For other non-economic damages in an amount according to proof at trial;

D.    For other special damages in an amount according to proof at trial;

E.    For punitive damages against the individual defendants in an amount to be proven at trial;

F.    Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G.    Attorney's fees and costs pursuant to Cal. Civ. Code § 52.1(h)

H.    For interest;

I.    For reasonable costs of this suit; and

J.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: March 09, 2026Dated: July _24_ , 2026**LAW OFFICES OF DALE K. GALIPO**

By:    /s/   *Cooper MayneCooper Alison-Mayne*
       Dale K. Galipo

Cooper MayneCooper Alison-Mayne

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

The Plaintiff named herein hereby demands a trial by jury.

Dated: March 09, 2026Dated: July _24_, 2026**LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Mayne*Cooper Alison-Mayne
        Dale K. Galipo
Cooper MayneCooper Alison-Mayne

*Attorneys for Plaintiff*