JONES MAYER
Gary S. Kranker, Esq., SBN: 146426
gsk@jones-mayer.com
Melissa M. Ballard, Esq., SBN: 185739
mmb@jones-mayer.com
Ryan M. Allein, Esq., SBN: 318078
rma@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorney for Defendants,
CITY OF BALDWIN PARK; OFFICER JEREMY
MIRANDA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BALDWIN PARK and OFFICER JEREMY MIRANDA,<br><br>Defendants. | Case No. 2:26-cv-02489-HDV (AJRx)<br><br>*Assigned for All Purposes to:*<br>*Honorable Hernan D. Vera*<br><br>**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX, AS ALLEGED IN PLAINTIFF'S FIRST AMENDED COMPLAINT, PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Ryan M. Allein; [Proposed] Order]*<br><br>First Amended Complaint Filed: July 24, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **September 24, 2026, at 10:00 a.m.**, in Courtroom 5B of the above-entitled court, located at 350 W. 1st Street, Suite 4311, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Defendant CITY OF BALDWIN PARK and Defendant OFFICER JEREMY MIRANDA (hereinafter referred collectively as "Defendants"), will and hereby move for a motion to dismiss pursuant to



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

Federal Rules of Civil Procedure, Rule 12(b)(6),[1] on Plaintiff D.A., by and through his guardian ad litem, EARLINE JOHNSON, for a failure to state a claim upon which relief can be granted for the following reasons:

      1.    Plaintiff's 42 U.S.C. § 1983 allegation for a violation of substantive due process under the Fourteenth Amendment (count one)

      2.    Plaintiff's allegation regarding a violation of the Bane Act (Cal. Civ. Code § 52.1).

The Motion is based on this Notice of Motion and Motion and attached Memorandum of Points and Authorities, the file and records in this case, and any further argument or evidence the Court dees fit to receive at the hearing.

Prior to bringing this motion, Defendants met and conferred regarding the issues presented herein as required by Local Rule 7-3.  See Declaration of Ryan M. Allein, at ¶

Dated:  August 7, 2026           JONES MAYER

By _____
   Gary S. Kranker, Esq.
   Melissa M. Ballard, Esq.
   Ryan M. Allein, Esq.
   Attorneys for Defendants CITY OF
   BALDWIN PARK and OFFICER JEREMY
   MIRANDA

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

- 2 -



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

# **TABLE OF CONTENTS**

**Pages**

I.   INTRODUCTION ............................................................................................ 1

II.  STATEMENT OF FACTS ............................................................................. 2

    A.    The Alleged Event of May 14, 2025 ................................................. 2

    B.    The Original Complaint and this Court's Granting of Defendants' Rule 12(b)(6) Motion ............................................................................... 3

III.  LEGAL STANDARD ................................................................................... 4

IV.  PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT THE SUBSTANTIVE DUE PROCESS CLAIM (COUNT ONE) ........................... 5

    A.    Applicable Law ................................................................................. 5

    B.    Analysis ............................................................................................ 6

V.  PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT HIS BANE ACT (Cal. Civ. Code § 52.1) CLAIM (COUNT SIX) ................................. 10

VI.  LEAVE TO AMEND SHOULD BE DENIED ...................................................... 11

VII.  CONCLUSION ........................................................................................... 12

1

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**



# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................. 5, 8

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................................................... 5

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) ......................................................................................... 4

*Cheriee Gazette v. City of Pontiac,*
    41 F.3d 1061 (6th Cir. 1994)" ...................................................................................... 6

*Chodos v. W. Publ'g Co.,*
    292 F.3d 992 (9th Cir. 2002) ...................................................................................... 11

*Davidson v. Cannon,*
    474 U.S. 344 (1986) ................................................................................................. 6, 8

*Friedman v. City of Fairfax,*
    2025 U.S. App. LEXIS 32922 (9th Cir. 2025) ........................................................... 10

*Ketchum v. Alameda Cnty.,*
    811 F.2d 1243 (9th Cir. 1987) ...................................................................................... 6

*Knevelbaard Dairies v. Kraft Foods, Inc.,*
    232 F.3d 979 (9th Cir. 2000) ...................................................................................... 11

*McComb v. Cal. Dep't of Corr. & Rehab.,*
    2026 U.S. Dist. LEXIS 51656 (N.D. Cal. Mar. 12, 2026) ........................................... 6

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) .................................................................................... 4, 5

*Ochoa v. City of Mesa,*
    26 F.4th 1050 (9th Cir. 2022) ................................................................................... 8, 9

*Parratt v. Taylor,*
    451 U.S. 527 (1981), overruled on other grounds in *Daniels v. Williams,* 474 U.S.
    327 (1986) ....................................................................................................... 1, 6, 7, 8

*Peterson v. City of Los Angeles,*
    2026 U.S. Dist. LEXIS 69171 ................................................................................... 10



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

*Porter v. Osborn*,
546 F.3d 1131 (9th Cir. 2008) ........................................................................................8

*Rich v. Schrader*,
823 F.3d 1205 (9th Cir. 2016) ...............................................................................2, 11, 12

*Shoar v. Cnty. of Santa Clara*,
2022 U.S. Dist. LEXIS 189548 (N.D. Cal. Oct. 17, 2022) ........................................10

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .........................................................................................5

*West v. Atkins*,
487 U.S. 42 (1988) ...........................................................................................................6

*Wilder v. Va. Hosp. Ass'n*,
496 U.S. 498 (1990) .........................................................................................................5

**California Cases**

*Greyhound Lines, Inc. v. Dept. of C.H.P.*,
213 Cal.App.4th 1129.......................................................................................................9

*Shoyoye v. Cnty. of Los Angeles*,
203 Cal.App.4th 947 (2012).............................................................................................11

**Federal Statutes**

42 U.S.C.
§ 1983 ......................................................................................................................*passim*

**California Statutes**

Bane Act ................................................................................................................10, 11

Fourteenth Amendment ........................................................................................1, 3, 10



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION**

This case is *still* not a civil rights matter.  While Plaintiff is no longer pursuing a Fourth Amendment excessive force claim under 42 U.S.C. § 1983, he nevertheless attempts to seek redress under both the Fourteenth Amendment and Bane Act (Cal. Civ. Code § 52.1) for a negligent vehicle accident with no allegations of conduct supporting a either a "shocking the conscious" finding through a deliberate indifference or purpose to harm standard, or a specific intent to violate his Constitutional rights.  Although the First Amended Complaint ("FAC") alleges more facts than the Complaint, which was dismissed via a Rule 12(b)(6) motion, the allegations still support only a simple traffic accident based on negligence – nothing more.  In fact, these alleged facts are exactly the type articulated by the United States Supreme Court in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled on other grounds in *Daniels v. Williams*, 474 U.S. 327 (1986), when the Court stated that to allow recovery in this type of case would allow "any party who is involved in nothing more than an automobile accident with a state official [to] allege a constitutional violation under § 1983." *Parratt*, 451 U.S. at 544.

Specifically, the FAC alleges that Officer Jeremy Miranda ("Officer Miranda") decided to initiate a traffic enforcement stop of a gray Toyota Camry ("Camry") that ran the red traffic light through the intersection of Pacific Avenue ("Pacific") and Vineland Avenue ("Vineland") in Baldwin Park.  FAC, at ¶ 14-19.  At this time, Plaintiff was riding his bicycle in the crosswalk and was almost struck by the Camera accelerating through the intersection. *Id*. at ¶ 17.  As to Officer Miranda's knowledge, it is alleged that Officer was aware of Plaintiff's presence in the cross walk because it was "in front of [his] patrol vehicle and within his field of view." *Id*. at ¶ 18.  However, the FAC also alleges that Officer Miranda "had glare from the sun in his view as he made the left turn, *such that he could not see what was in his path*." *Id*. at ¶ 21 (emphasis added).  Notwithstanding the allegation that Officer Miranda was blinded by the sun, the FAC nevertheless alleges that Officer Miranda "had time to observe the intersection, deliberate, and confirm that the crosswalk was clear before proceeding through it [and that] [a]ctual deliberation was practical." *Id*. at ¶ 22.

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

As this Court stated in its Order Granting Defendants' Motion to Dismiss ("Order") the original Complaint, there is nothing alleged in the FAC to establish "that Officer Miranda acted with the purpose of running [Plaintiff] down, or with conscious disregard of an obvious risk to him, rather than simply failing to see a bicyclist while completing a turn."  Order, at 4:4-6; Dkt. 21.  Rather, based on Officer Miranda's inability to see due to the glare from the sun, this "is precisely the kind of 'obvious alternative explanation' of ordinary negligence that renders the inference of intentional or conscience-shocking conduct implausible." *Id*. at 4:6-8; Dkt. 21.  Because the FAC alleges a standard motor vehicle accident where there is no indication that Officer Miranda acted with any level of intent, any potential amendment by Plaintiff as it relates to counts one and six would be futile – especially considering Plaintiff already had an opportunity to address the deficiencies from his original Complaint, but failed to do so. *See Rich v. Schrader*, 823 F.3d 1205, 1209 (9th Cir. 2016).  Accordingly, Plaintiff's potential *second* request for leave to amend should be denied and counts one and six should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

### A.    The Alleged Event of May 14, 2025

It is alleged that on May 14, 2025, at approximately 6:58 a.m., at or around the intersection of Pacific Avenue ("Pacific") and Vineland Avenue ("Vineland"), in the City of Baldwin Park ("City"), Officer Jeremy Miranda ("Officer Miranda") was stopped in his patrol vehicle at the limit line in the eastbound number one lane of Pacific for a red traffic signal at the intersection with Vineland.  FAC, at ¶ 14-15; Dkt. 22.

At this time, Plaintiff D.A. ("Plaintiff"), was stopped on the sidewalk at the corner of Pacific and Vineland waiting to ride his bicycle westbound across Vineland in the marked crosswalk on the north side of the intersection. *Id*. at ¶ 16.  After the traffic signal turned green and the pedestrian signal turned to "walk," D.A. rode his bicycle across Vineland within the marked crosswalk. *Id*. at ¶ 17.  At this time, a gray Toyota Camry ("Camry") – traveling northbound on Vineland – ran the red light, entered the intersection, and nearly struck Plaintiff in the crosswalk. *Id*.  Plaintiff paused, avoided the Camry, and continued riding across the

- 2 -

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

crosswalk. *Id*.

Officer Miranda observed the Camry run the red light. *Id*. at ¶ 18. It is alleged the Camry's near collision with Plaintiff occurred in the intersection directly in front of Officer Miranda's patrol vehicle and within his field of view. *Id*. At this time, Officer Miranda activated his patrol vehicle's overhead emergency lights, but did not activate his siren, and decided to initiate a traffic enforcement stop of the Camry. *Id*. at ¶ 19. Officer Miranda accelerated to approximately 20 miles per hour and turned left onto Vineland toward the marked crosswalk where Plaintiff was crossing. *Id*.

It is further alleged that Officer Miranda had glare from the sun such that he could not see what was in his path. *Id*. at ¶ 20. Nonetheless, Officer Miranda accelerated through the crosswalk without stopping, slowing, or yielding. *Id*. It is further alleged no emergency and no exigency existed because the Camry had committed a routine traffic violation was driving away from the intersection. *Id*. at ¶ 22. Per the FAC, Officer Miranda had time to observe the intersection, deliberate, and confirm the crosswalk was clear before proceeding through it and that actual deliberation was practical. *Id*. Officer Miranda then completed the left turn and struck Plaintiff who was riding within the marked crosswalk. *Id*. at ¶ 23.

As a result of this incident, Plaintiff filed the FAC with this Court. See generally FAC; Dkt. 22. The FAC, among other allegations, alleges a violation of substantive due process under the Fourteenth Amendment (count one) and a violation of the Bane Act (Cal. Civ. Code § 52.1) (count six). *Id*.; Dkt. 22.

**B.      The Original Complaint and this Court's Granting of Defendants' Rule 12(b)(6) Motion**

In the original Complaint, Plaintiff alleged that Officer Miranda made a left turn northbound onto Vineland without yielding to Plaintiff on his left side throwing him from his bicycle onto the pavement. Compl. at ¶ 12-14; Dkt. 1. The Complaint, among other allegations, alleged an excessive force claim under the Fourth Amendment (count one); a violation of substantive due process under the Fourteenth Amendment (count two); and a violation of the Bane Act (Cal. Civ. Code § 52.1). *See generally* Complaint; Dkt. 1. As a

- 3 -

result, Defendants filed a Rule 12(b)(6) motion as to the Original Complaint. *See* Defendants' Motion to Dismiss Counts One, Two, Six, and Eight, as Alleged in Plaintiff's Complaint ("Original Motion to Dismiss"); Dkt. 13.

Subsequently, this Court granted Defendants' Original Motion to Dismiss. Order; Dkt. 21. Specifically, this Court held as follows:

> "The Court does not doubt that Plaintiff sufficiently alleges he suffered a serious and frightening injury, but the question at this stage is not whether Plaintiff was harmed; it is whether the facts alleged make it plausible – not merely conceivable – that Officer Miranda acted with the purpose of running him down, or with conscious disregard of an obvious risk to him, rather than simply failing to see a bicyclist while completing a turn. A left turn, without more, is precisely the kind of 'obvious alternative explanation' of ordinary negligence that renders the inference of intentional or conscience-shocking conduct implausible. [Citation.] The Complaint does not allege any facts, such as a prior interaction between the two that might plausibly explain the alleged intent to injure, or any other circumstance from which the requisite intent could be inferred. *See generally* Complaint ¶¶ 12-32." Order, at 4:2-11; Dkt. 21.

Further, this Court went on to state, "Although the Court is *skeptical* that Plaintiff's pleading deficiencies can be cured by amendment, leave to amend must be granted 'freely' unless amendment would be futile." *Id*., at 5:4, n.1; Dkt. 21 (emphasis added). Therefore, this Court granted Defendants' Original Motion to Dismiss, but allowed leave to amend for Plaintiff to file an amended complaint. *Id*. at 5:3-5; Dkt. 21.

## III.   LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill*

- 4 -

*v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The pleading standard under Rule 8 does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. *Iqbal*, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. *Id*. at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable theory." *Navarro*, 250 F.3d at 732 (citing *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1988)).

## IV.   PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT THE SUBSTANTIVE DUE PROCESS CLAIM (COUNT ONE)

### A.   Applicable Law

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, the plaintiff must allege two essential elements: (1) that the right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by

- 5 -

a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). Further, "claims of negligence, [and] gross negligence . . . are not actionable under section 1983." *McComb v. Cal. Dep't of Corr. & Rehab.*, 2026 U.S. Dist. LEXIS 51656, at *3 (N.D. Cal. Mar. 12, 2026); *see also Cheriee Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("[G]ross negligence is not the type of government action needed to support a Section 1981 claim. 'Gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense" ' ").

**B.     Analysis**

Plaintiff's claim for a violation of substantive due process under the Fourteenth Amendment based on a motor vehicle accident is inactionable under § 1983. As this Court stated in its Order, there is nothing alleged in the FAC to establish that "Officer Miranda acted with the purpose of running [Plaintiff] down, or with conscious disregard of an obvious risk to him, rather than simply failing to see a bicyclist while completing a turn." Order; Dkt. 21, at 4:4-6. As discussed in detail below, Plaintiff's substantive due process claim fails for two reasons.

First, as stated in the Defendants' Reply in Support of the Original Motion ("Original Reply"), the Supreme Court in *Parratt*, 451 U.S. 527, *Daniels*, 474 U.S. 327, and *Davidson v. Cannon*, 474 U.S. 344 (1986) made clear that "mere negligence or lack of due care by state officials does not trigger the protections of the Constitution and therefore does not state a claim under § 1983." Original Reply, at 1:12-15; Dkt. 17. In relying on *Parratt*, the Eastern District faced more egregious facts in *James*, 2026 U.S. Dist. LEXIS 45723, and concluded that § 1983 was inapplicable to the facts of the case. Specifically, the relevant facts were as follows:

> "At or around [7:55 a.m.], the subject van was traveling northbound on the single lane SR-43 highway . . . in route to transport Decedent . . . to a medical appointment. At or around that time, Defendant Pelayo attempted to overtake a tractor-trailer which was also heading northbound on SR-43 highway and was traveling directly in front of the subject van . . . Defendant Pelayo navigated the subject van into the southbound lane of traffic while another vehicle was

- 6 -

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

approaching from the southbound direction towards the subject van . . . Defendant navigated the subject van into the southbound lane of traffic and *increased her speed well over the speed limit to attempt to overtake*, while the subject tractor-trailer remained also driving over the speed limit on cruise control. [Citation.] Defendant swerved the subject van back into the northbound lane to avoid a head-on collision with the southbound vehicle before she was able to fully and safely overtake the subject tractor-trailer. [Citation.] As a result, the subject van impacted the front left region of the subject tractor-trailer on the subject van's back right side. [Citation.] This impact caused defendant Pelayo to lose control of the subject van, and it proceeded off the eastern edge of the highway, where it began to roll." *Id*. at *3-4 (emphasis added).

"Decedent [subsequently] died . . . from complications due to injuries sustained in the incident." *Id*. at *4. The defendant filed a Rule 12(b)(6) motion and argued the reasoning of *Parratt* applied "because plaintiff-prisoners cannot seek to hold an official liable under § 1983 for injuries sustained in a car accident." *Id*. at *8. In response, the plaintiff alleged the defendant "was reckless, not merely negligent, when he drove at an excessive speed in icy road conditions," *id*. at *9, because he "made a conscious driving decision that created an immediate, obvious, and extreme risk of catastrophic harm" – i.e., "she intentionally pulled a prison transport van into the oncoming lane of a two-lane highway, accelerated well above the speed limit in attempt to pass a tractor-trailer, and did so while another vehicle was approaching from opposite direction and without ensuring sufficient time or distance to complete the pass safely." *Id*.

The Court found that "[a]lthough Defendant increased her speed in attempt to overtake the tractor-trailer there [were] no additional allegations to support an inference that she drove in a reckless manner with knowledge of a specific danger to Plaintiff . . . [s]uch allegations amount to nothing more than negligence." *Id*. at *16.

Similarly, here, although it is alleged that Plaintiff "was visible in the marked crosswalk from Officer Miranda's vantage point as he accelerated into the turn," FAC, at ¶ 20; Dkt. 22,



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

it is further alleged that Officer Miranda also "had glare from the sun in his view as made the left turn, such that *he could not see what was in his path*." *Id*. at ¶ 21; Dkt. 22 (emphasis added). If we accept all factual allegations as true, *Iqbal*, 556 U.S. at 678-79, then the Court must accept as true the fact that Officer Miranda was unaware of what was in the direct path of his vehicle – i.e., Plaintiff – before he accelerated through the intersection. Accordingly, without this existence of knowledge, all that is pled is that Officer Miranda failed to exercise due care, which does not trigger the protection of the Constitution and therefore does not state a valid claim under § 1983. *See Parratt*, 451 U.S. 527; *Daniels*, 474 U.S. 327; *Davidson*, 474 U.S. 344.

Nonetheless, even assuming *arguendo* Plaintiff pled conduct beyond mere negligence for purposes of § 1983 (which Defendants' dispute), Plaintiff failed to plead sufficient facts to establish a valid substantive due process claim under the Fourteenth Amendment. At the outset, "The Supreme Court has made it clear . . . that only official conduct that 'shocks the conscious' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "There are two tests used to decide whether officers' conduct 'shocks the conscience.' Which test applies turns on whether the officers had time to deliberate their conduct." *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022).

"On one hand, the deliberate-indifference test applies if the situation at issue 'evolve[d] in a time frame that permits the officer to deliberate before acting.' [Citation.] Deliberation is not possible if the officers 'encounter[ed] fast paced circumstances presenting competing public safety obligations.' [Citation.] Deliberation in this context 'should not be interpreted in the narrow, technical sense.' " *Id*.

"On the other hand, the purpose-to-harm test applies if the situation at issue 'escalate[d] so quickly that the officer [had to] make a snap judgment.' [Citation.] This test requires 'a more demanding showing that [the officers] acted with a purpose to harm [the decedent] for reasons unrelated to legitimate law enforcement objectives.' [Citation.] Legitimate objectives can include 'arrest, self-protection, and protection of the public.' [Citation.] Illegitimate

- 8 -

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

objectives include 'when the officer "had any ulterior motives for using force against" the suspect, such as "to bully a suspect or 'get even,' " or when an officer uses force against a clearly harmless or subdued suspect.' " *Id.*

The FAC alleges that Officer Miranda was stopped at the limit line in the eastbound lane of Pacific for a red traffic light when he observed the Camry – traveling northbound on Vineland – run the red light, enter the intersection, and nearly strike Plaintiff in the crosswalk. FAC, at ¶ 17; Dkt. 22. Based on this observation, Officer Miranda activated his patrol vehicle's overhead emergency lights with the intent of initiating a traffic enforcement stop of the Camry. *Id.* at ¶ 19; Dkt. 22. Officer Miranda had a glare from the sun when he made the left turn – such that he could not see what was in his path – and unfortunately struck Plaintiff who was in the crosswalk.

The alleged facts clearly establish this was a " 'fast paced circumstance[] presenting competing public safety obligations.' " *Ochoa*, 26 F.4th at 1056. Therefore, the appropriate test to apply is the "purpose to harm" test which requires Plaintiff to plead sufficient facts to establish that Officer Miranda " 'acted with a purpose to harm [Plaintiff] for reasons *unrelated to legitimate law enforcement objectives*.' " *Id.* (emphasis added).

No facts alleged establish that Officer Miranda acted with a purpose to harm unrelated to a legitimate law enforcement objective. Rather, Officer Miranda engaged in legitimate law enforcement objectives when he enforced the Vehicle Code. *See id.*; *see also Greyhound Lines, Inc. v. Dept. of C.H.P.*, 213 Cal.App.4th 1129, 1137 (finding that state law enforcement's duty was to enforce Vehicle Code on the state's highways). Specifically, as the FAC alleges, Officer Miranda observed the Camry run a red light and speed through the intersection almost striking Plaintiff in the process. FAC, at ¶¶ 17-18; Dkt. 22. Based on this observation, Officer Miranda decided to initiate a traffic enforcement stop, but unfortunately was unable to see Plaintiff in the crosswalk due to the sun's glare. *Id.* at ¶¶ 19-21; Dkt. 22. There is nothing alleged to establish that Officer Miranda had any ulterior motives apart from trying to pull over the Camry for the Vehicle Code violation. *Ochoa*, 26 F.4th at 1056.

- 9 -

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

Accordingly, Plaintiff failed to plead sufficient facts to establish a valid substantive due process claim (count one), and thus, this allegation should be dismissed with prejudice.

## V.    PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE BASIS TO SUPPORT HIS BANE ACT (Cal. Civ. Code § 52.1) CLAIM (COUNT SIX)

Further, in support of Plaintiff's Bane Act claim, the FAC alleges that Officer Miranda "acted with specific intent to violate Plaintiff's rights . . . [when] he deliberately accelerated through a marked, occupied crosswalk, with the pedestrian signal in Plaintiff's favor, immediately after watching another vehicle nearly strike Plaintiff in that crosswalk, and while glare from the sun admittedly prevented from seeing what was in his path." FAC, at ¶ 69; Dkt. 22.

The Bane Act provides a private right of action against individuals who violate or interfere with a person's constitutional or statutory rights "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1. "This standard requires 'more egregious conduct than mere negligence,' and focuses on the level of scienter required – specific intent to violate the plaintiff's civil rights – to establish a claim under the Bane Act." *Peterson v. City of Los Angeles*, 2026 U.S. Dist. LEXIS 69171, at *65 (quoting *B.B. v. Cty. of Los Angeles*, 25 Cal.App.5th 115, 132 (2018).

Here, Plaintiff has failed to establish a valid constitutional violation which warrants dismissal on this fact alone. *See Friedman v. City of Fairfax*, 2025 U.S. App. LEXIS 32922, at *4-5 (9th Cir. 2025). Further, Officer Miranda's alleged negligence or error associated with the motor vehicle accident is not sufficient to support a Bane Act claim. *See Shoar v. Cnty. of Santa Clara*, 2022 U.S. Dist. LEXIS 189548, at *8 (N.D. Cal. Oct. 17, 2022) ("[H]owever, as some courts interpret it . . . the threat or coercion cannot be a result of mere human error or negligence, but instead requires intentional conduct.") As this Court stated in its Order, there are no facts alleged to establish that Officer Miranda "acted with purpose of running [Plaintiff] down, or with conscious disregard of an obvious risk to him, *rather than simply failing to see a bicyclist while completing a turn*." Order, at 4:4-6; Dkt. 21 (emphasis added). Overall, there is nothing alleged in the FAC to establish that Officer Miranda's conduct involved

- 10 -

**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

"interference with constitutional rights . . . more egregious . . . than mere negligence." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal.App.4th 947, 958-59 (2012).

Accordingly, Plaintiff failed to plead sufficient facts to support a violation of the Bane Act (count six), and thus, this allegation should be dismissed with prejudice.

## VI.   <u>LEAVE TO AMEND SHOULD BE DENIED</u>

Leave to amend should be granted "unless amendment would be futile." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000).   Courts have broad discretion in denying motions for leave to amend when the plaintiff has already been granted leave to amend. *See Rich*, 823 F.3d at 1209 ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed."); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Here, this Court has already dismissed Plaintiff's claims in his original Complaint with leave to amend. Order, at 5:3-5; Dkt. 21. The previous dismissal order explained in detail why the § 1983 claims failed, yet Plaintiff failed to remedy the noted deficiencies in the FAC – specifically, articulating how Officer Miranda *intentionally* struck Plaintiff with his vehicle. Dkt. 21. Based on Plaintiff already being provided an opportunity to remedy this deficiency, coupled with the fact this Court already indicated it was "skeptical that Plaintiff's pleading deficiencies can be cured by amendment," Order, at 4:4, n. 1; Dkt. 21, any request for leave to amend a second time should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**

## VII.   CONCLUSION

Based on the foregoing, Defendant CITY OF BALDWIN PARK and Defendant OFFICER JEREMY MIRANDA request this Court grant their Motion to Dismiss Counts One and Six, as alleged in the First Amended Complaint, **without leave to amend and with prejudice**. *See Rich v. Schrader*, 823 F.3d at 1209.

Dated:  August 7, 2026                                                    JONES MAYER

By _____

Gary S. Kranker, Esq.
Melissa M. Ballard, Esq.
Ryan M. Allein, Esq.
Attorneys for Defendants CITY OF
BALDWIN PARK and OFFICER
JEREMY MIRANDA



**DEFENDANTS' MOTION TO DISMISS COUNTS ONE AND SIX PURSUANT TO F.R.C.P. RULE 12(b)(6)**