UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., by and through his guardian ad litem, EARLINE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BALDWIN PARK, et al.<br><br>Defendants. | Case No. 2:26-cv-02489-HDV-AJR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [23]** |

## I. INTRODUCTION

Plaintiff D.A., a minor child, brings this action against Defendants City of Baldwin Park and Officer Jeremy Miranda alleging that Officer Miranda intentionally hit Plaintiff with his patrol vehicle while Plaintiff was riding his bicycle in a crosswalk. First Amended Complaint ("FAC") ¶¶ 19, 23 [Dkt. 22]. Plaintiff brings claims for federal constitutional violations under 42 U.S.C. § 1983, violations of California's Bane Act, as well as common law claims for battery, motor vehicle negligence, negligent use of force, and negligent infliction of emotional distress. *Id.* ¶¶ 18–82**.**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Section 1983 and Bane Act claims of the FAC ("Motion"). [Dkt. 23]. The Court granted Defendants' motion to dismiss the initial complaint, concluding that the allegations are more consistent with a negligent traffic accident than with an intentional use of force. *See* [Dkt. 21]. None of the allegations in the amended complaint alters that analysis. The Court once again finds that, under the applicable *Iqbal/Twombly* standard, it is simply implausible to suggest without any factual foundation that a police officer making a left turn in his marked patrol vehicle intentionally drove into a ten-year-old bicyclist with the purpose (or in reckless disregard) of injuring or killing him.

The Motion is granted without leave to amend. Because there is no other federal claim extant, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The case is dismissed without prejudice to its refiling in state court.

## II. BACKGROUND[1]

On May 14, 2025, Plaintiff D.A., a ten-year-old child, was riding his bicycle near an intersection in the City of Baldwin Park, California. FAC ¶¶ 8, 16–17. At that time, Defendant Officer Jeremy Miranda was on duty as a sworn officer of the Baldwin Park Police Department, driving his patrol vehicle. *Id.* ¶¶ 10, 15.

---

[1] The following facts are derived from the FAC. The Court accepts all of Plaintiff's plausible allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At 6:58 a.m., Officer Miranda approached the limit line in the eastbound number one lane of Pacific Avenue and came to a complete stop for a red traffic signal at the intersection with Vineland Avenue. *Id.* ¶ 15. At the same time, D.A. stopped on the sidewalk at the corner of Pacific Avenue and Vineland Avenue. *Id.* ¶ 16. When the pedestrian control signal phased to "walk", D.A. began riding his bicycle westbound across the marked crosswalk. *Id.* ¶ 17.

As D.A. was crossing the street on his bicycle, a Toyota Camry traveling northbound on Vineland Avenue ran the red traffic light and nearly struck D.A. *Id.* ¶ 17. Officer Miranda, who was stopped at the limit line directly facing the intersection, observed the Camry run the red. *Id.* ¶ 18. Officer Miranda initiated a traffic enforcement stop and activated his overhead lights. *Id.* ¶ 19. He accelerated from a complete stop to approximately 20 miles per hour, entered the intersection, and started a left turn northbound onto Vineland Avenue. *Id.* ¶19.

As he made the left turn, sun glare purportedly obstructed Officer Miranda's view. *Id.* ¶ 21. Completing the left turn, Officer Miranda struck D.A. with the front of his patrol vehicle "throwing D.A. from his bicycle onto the pavement." *Id.* ¶ 23. As a result, Plaintiff sustained "significant mental and physical injuries, including a fractured arm and abrasions to his face, chin, stomach, and legs." *Id*. ¶ 25.

Based on these allegations, Plaintiff asserts six causes of action. Plaintiff's first cause of action alleges a substantive due process violation of the Fourteenth Amendment, brought under 42 U.S.C. § 1983. *Id.* ¶¶ 27–35. Plaintiff's sixth cause of action alleges a violation of California's Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶¶ 63–77.

Defendant moved to dismiss claims from Plaintiff's initial complaint, including claim two for violation of substantive due process under the Fourteenth Amendment, brought under 42 U.S.C. § 1983, and claim eight for violation of California's Bane act, Cal. Civ. Code § 52.1. [Dkt. 13]. The Court previously dismissed both claims with leave to amend. *See* [Dkt. 21]. The Defendant now moves to dismiss those same reasserted claims from Plaintiff's FAC. Motion [Dkt. 23].

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, allegations of material fact should be construed in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

## IV. DISCUSSION

### A. Claim One: Violation of Substantive Due Process under 42 U.S.C. § 1983

To state a claim under Section 1983, a plaintiff must "plead that (1) the defendant[] acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). It is well established that "[m]ere negligence or lack of due care by state officials in the conduct of their duties does not trigger" the protections of the Constitution "and therefore does not state a claim under § 1983." *Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

"Negligence signifies and stands for the absence of care." *Wingfield v. Fielder*, 29 Cal. App. 3d 209, 220 (1972) (cleaned up). For generations, courts have recognized that "negligence in a legal sense is no more than this: the failure to observe for the protection of the interests of another person

that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury." *See Barrett v. S. Pac. Co.*, 91 Cal. 296, 302 (1891).

The gravamen of the FAC, like the initial complaint, is that Officer Miranda accelerated into the intersection and struck Plaintiff, and that someone exercising due care at that moment would have waited to be sure the child they had just seen had already cleared the intersection. But there are myriad reasons why a person in Officer Miranda's position might have failed to take proper care while driving—distraction, forgetfulness, impaired vision—which render the supposition that Officer Miranda ***intended*** to hit D.A. implausible. These more obvious explanations do not excuse that Officer Miranda allegedly made a terrible mistake; but they do illustrate why the FAC's allegations fail to state a Section 1983 claim.

Moreover, the sole new fact pled in the FAC, that Officer Miranda had glare in his eyes obstructing his view of the intersection, *see* FAC ¶ 21, strengthens the inference that his actions were negligent and not intentional. Despite the opportunity to amend, Plaintiff has not alleged any new facts that move the needle beyond negligence to the level of a constitutional violation. Indeed, courts have for this reason routinely held that traffic accidents of this ilk do not form the basis for a Section 1983 constitutional challenge.[2] *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 n.13 (1998) (*citing Checki v. Webb*, 785 F.2d 534, 538 (5th Cir.1986) ("Where a citizen suffers physical injury due to a police officer's *negligent use* of his vehicle, no section 1983 claim is stated.");

---

[2] The Supreme Court has expressed disapproval of expanding Section 1983 liability to encompass harms caused by the negligence of government officials. *See Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (rejecting argument that would lead to "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983[,]" because that reasoning would make "the Fourteenth Amendment a font of tort law" against the intent of "the drafters of the Fourteenth Amendment"); *Daniels*, 474 U.S. at 336 ("Petitioner alleges that he was injured by the negligence of respondent….Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.").

*Cannon v. Taylor*, 782 F.2d 947, 948 (11th Cir. 1986) ("We hold that there is no section 1983 cause of action for injuries received in an automobile accident involving the negligence of city police."); *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 723 (4th Cir. 1991) (affirming district court's dismissal of Section 1983 claim for collision caused by police officer's driving where the officer's "conduct, while disturbing and lacking in judgment…did not rise to the level of a violation of substantive due process cognizable under a section 1983 claim."); *Roach v. City of Fredericktown, Mo.*, 882 F.2d 294, 297 (8th Cir. 1989) (officer's negligent vehicle pursuit of suspect that caused a fatal collision did not state 1983 claim because even grossly negligent conduct does not rise to the level of a constitutional violation).

Furthermore, the FAC does not meet the elements of a substantive due process claim under the Fourteenth Amendment. "Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs." *C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016). Only conduct that "shocks the conscience" violates substantive due process. *Lewis*, 523 U.S. at 846. A plaintiff may meet the shocks-the-conscience standard by alleging the officer acted with the intent of either (1) deliberate indifference or (2) purpose to harm, depending on the urgency of the situation. *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022). The deliberate-indifference test applies if the situation at issue "evolve[d] in a time frame that permits the officer to deliberate before acting." *Id.* (citing *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Whereas "the purpose-to-harm test applies if the situation at issue "escalate[d] so quickly that the officer [had to] make a snap judgment[,]" and requires "a more demanding showing that [the officers] acted with a purpose to harm [the decedent] for reasons unrelated to legitimate law enforcement objectives." *Id.* (citing *Porter*, 546 F.3d at 1137).

The FAC allegations do not meet the shock-the-conscience standard under either test. As already discussed, there are no facts plausibly alleging that Officer Miranda purposely intended to harm D.A. The Complaint does not allege any facts, such as a prior interaction between the two that might plausibly explain the alleged intent to injure, or any other circumstance from which the requisite intent or recklessness could be inferred. *See generally* FAC ¶¶ 14–24.

Plaintiff contends that Officer Miranda acted with deliberate indifference. FAC ¶ 32. Because deliberate indifference requires a culpable mental state, it is a higher standard than gross negligence. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (citing *L.W. v. Grubbs*, 92 F.3d 894, 899 (9th Cir. 1996)). To constitute deliberate indifference, the officer must recognize the unreasonable risk to the plaintiff and nevertheless disregard the consequences to plaintiff. *Id.* Here, there are no non-conclusory allegations in the FAC that allege plausibly that Officer Miranda recognized the risk to Plaintiff and somehow intentionally disregarded it.

Plaintiff's opposition mainly relies on *Flores v. City of S. Bend*, 997 F.3d 725 (7th Cir. 2021). But *Flores* is both non-binding and easily distinguishable. In *Flores*, the defendant was a police officer who sped through a residential neighborhood at 78 to 98 miles per hours, failed to stop at a red light, and continued speeding through the intersection killing the decedent—all to respond to a traffic stop which five other officers had under control. *Id.* at 728, 730. The court reasoned that under those circumstances, "driving blind through an intersection at 78 to 98 miles could certainly be viewed by a jury as meeting that standard [of criminal recklessness]." *Id.* Here, in contrast, Officer Miranda activated his emergency lights, accelerated from a stop to twenty miles per hour, and almost immediately thereafter hit the Plaintiff. FAC ¶¶ 19 *Flores* is completely inapposite.

Plaintiff undoubtedly suffered a serious and frightening injury, but the question at this stage is whether the facts alleged make it plausible—not merely conceivable—that Officer Miranda acted with the purpose of running him down, or with conscious disregard of an obvious risk to this minor on his bicycle. Sun glare affecting an officer's left hand turn from a complete stop is precisely the "obvious alternative explanation" of ordinary negligence that renders the inference of intentional or conscience-shocking conduct implausible. *Id.* at 682 (citing *Twombly*, 550 U.S. at 567).

**B. Claim Six: Violation of Bane Act (Cal. Civ. Code § 52.1)**

The Bane Act requires a plaintiff to show that a defendant interfered with his constitutional rights "by threat, intimidation, or coercion," and that the defendant acted with the specific intent to violate those rights. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 801 (2017)). Specific intent may be shown through proof that the defendant acted in "reckless disregard" of the plaintiff's

constitutional or statutory rights, *id.* at 1045, but mere "human error" or negligence does not suffice, *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 958–59 (2012).

Plaintiff's Bane Act claim is predicated on the same allegation of intentional conduct underlying the first claim under Section1983. FAC ¶¶ 67–70. Because the Court has concluded that the FAC fails to plausibly allege that Officer Miranda acted intentionally or with reckless disregard of Plaintiff's rights, the Bane Act claim fails for this same reason. See *Shoyoye*, 203 Cal. App. 4th at 958 (Section 52.1 addresses "interference with constitutional rights involving more egregious conduct than mere negligence").

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion is granted, without leave to amend.[3] Claims One and Six are dismissed. The dismissed Section 1983 claim is the only basis for federal jurisdiction, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[4] Consequently, the action is dismissed without prejudice to refiling in state court.

Defendants are ordered to file a proposed judgment within ten days of this Order.

Dated: October 22, 2026

Hernán D. Vera
United States District Judge

---

[3] A district court may properly dismiss a claim "without leave to amend if 'amendment would be futile.'" *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citing *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Here, the Court has already dismissed these claims and allowed amendment, so further amendment would be futile.

[4] Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has "dismissed all claims over which it has original jurisdiction." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court not required to provide explanation when declining jurisdiction under § 1367(c)(3)). Because there are no viable federal claims in this action, the Court finds that the interests of judicial economy are best served by declining supplemental jurisdiction over the state law claims.